### J. R. MILAM ET AL. v. W. D. GORDON ET AL.

Decided May 21, 1902.

**1.—Pleading—Breach of Contract—Damages.**

Where the action was for specific performance of a contract for the purchase of land or for damages, and the petition alleged that defendant, acting as the authorized agent of his codefendant, procured a firm to make the contract on behalf of such codefendant, and that, if he was not such codefendant's agent, he and the firm were acting on their own responsibility, and were liable to plaintiff for the damages, with prayer for recovery thereof against defendant, it sufficiently stated a cause of action against him after the codefendant and the firm had been dismissed from the suit.

**2.—Judgment by Default—Setting Aside—Diligence Wanting.**

Where defendant against whom a judgment by default was rendered was notified a month and a half previous thereto that his attorney had, with leave of the court, withdrawn his answer in the case and did not intend to represent him further, and he took no action in the matter, his motion to set aside the judgment was properly denied, irrespective of whether or not the court had power to permit the answer to be withdrawn so as to nullify its effect as an appearance in the case.

Appeal from Grayson. Tried below before Hon. Rice Maxey.

*Galloway & Heflin* and *Wilkins & Vinson,* for appellants.

*E. C. McLean,* for appellee.

JAMES, CHIEF JUSTICE.—W. D. Gordon and E. C. McLean brought this suit against appellant J. R. Milam, Josie F. Milam, T. R. Crookshanks, and Forest Moore, alleging a contract for a sale of land to them signed by Crookshanks and Moore, agents for Mrs. Josie F. Milam, and

that said contract stipulated that it was to be performed in Sherman, Texas; that defendant, J. R. Milam, acting as the authorized agent of Josie F. Milam, a feme sole, duly authorized Crookshanks and Moore to sell said land, and that said contract was made by them in pursuance thereof; but if mistaken in this plaintiffs allege that said J. R. Milam and Crookshanks & Moore were acting on their own responsibility and are liable to plaintiffs. The petition contains other matters not necessary to be here stated; it alleged that plaintiffs have been willing to carry out their part of the said contract and now tender performance, but that defendants have wholly failed and refused to carry out their part of same and to execute and deliver said deed provided for, to plaintiff's damage in the sum of $1000. The prayer was for specific performance of the contract on the part of defendant Josie F. Milam, and in the alternative for damages in the sum of $1000 against all defendants as the facts may warrant, etc. The residence of the defendant was alleged as follows: Crookshanks and Moore to be in Grayson County, and J. R. Milam and Josie F. Milam to be in Somervell County.

On June 24, 1901, Josie F. Milam and J. R. Milam by their attorney, Don A. Bliss, filed a plea to the jurisdiction asserting their right to be sued in Somervell County. On July 1, 1901, the attorney filed application for leave to withdraw from the case as attorney for J. R. Milam and also to withdraw the original answer filed by him on behalf of said J. R. Milam, on account of some difference about his fee, and on same day an order was entered granting this application.

On August 14, 1901, judgment was rendered, which after reciting that plaintiffs dismissed as to Josie Milam and Crookshanks and Moore, proceeded as follows:

"And it appearing that at a former day of this term Don A. Bliss, an attorney of this court, filed a motion in writing asking permission to withdraw from said cause as an attorney for defendant J. R. Milam, and to withdraw the answer heretofore filed by him for said defendant; which motion being acted on by the court, was, on the 1st day of July, 1901, granted, permitting said answer of said J. R. Milam heretofore filed to be withdrawn, and said Bliss to withdraw as his attorney, and said Milam not having answered in this cause, although cited in time to plead, to wit, on the 20th day of March, 1901, plaintiffs are entitled to their damages by reason of the premises with a writ of inquiry as to the amount, and said writ of inquiry having this day been perfected, it is ascertained that plaintiffs' damages, by reason of the premises, amount to the sum of $550.

"It is therefore ordered, adjudged, and decreed that plaintiffs, W. D. Gordon and E. C. McLean, do have and recover of and from the defendant, J. R. Milam, of Somervell County, Texas, the said sum of $550, with interest from this date at the rate of 6 per cent per annum, and all costs in this behalf expended, for which let execution issue. It is further ordered, adjudged, and decreed that execution issue in favor of officers of court against each party hereto for the costs by such party incurred."

On August 26th, at same term, J. R. Milam filed his motion to set aside the judgment, which was overruled. Although this motion was filed later than two days after the judgment, the court entertained it and certifies that Milam was not negligent in failing to do so.

Under the first, second, and third assignments it is claimed that the petition stated no cause of action against J. R. Milam, and especially so after the dismissal against the other defendants. This construction of the petition we are unable to sustain. It alleged in respect to the prayer for specific performance substantially that J. R. Milam, acting as the authorized agent of Josie Milam, procured Crookshanks & Moore to make the contract on behalf of Josie Milam, but if plaintiffs are mistaken in this,—that is to say, if he was not her authorized agent for that purpose,—then it is alleged that he and Crookshanks & Moore were acting on their own responsibility and are liable to plaintiff. The only liability they could be under from the matters alleged would be for damages, and the plaintiff's damages are alleged at $1000 and there is a prayer for recovery thereof against J. R. Milam. The plain and obvious meaning of the allegations that they were acting in the matter on their own responsibility, taken in connection with the other allegations, is that they acted without authority from the owner of the land. The petition is sufficient.

The other proposition advanced is: "An answer having been filed in said cause by defendant J. R. Milam's attorney, a judgment could not be taken by default against him; and said answer could not be afterwards withdrawn by his said attorney without his consent and thereby prejudice his rights."

The facts are these: The order allowing Judge Bliss to withdraw the pleading or pleadings he had filed on behalf of J. R. Milam was evidently made without the latter having been a party to the application for that purpose. It seems that prior thereto he had intimation that his attorney would take such a course, and there is a finding by the court that he was promptly informed of the order entered, and that his attorney was no longer representing him in the case. This was on or about July 1, 1901. The case was not heard until August 14th. In the meantime Milam was cognizant of the situation and did nothing.

As we view the case, it is unnecessary to discuss the question whether or not an attorney who files a pleading for his client has a right to withdraw it, or that the court has power to permit it to be so withdrawn as to nullify its effect as an appearance in the case. The judgment may properly be affirmed upon the theory that the ex parte order was a nullity, and that in contemplation of law the pleading still remained in force. It is well settled by decisions in this State that a judgment taken as of nil dicit or by default will not necessarily be set aside because defendant in fact had pleadings on file at the time. Lytle v. Custead, 23 S. W. Rep., 451, and cases cited. See also McKellar v. Lamkin, 22 Texas, 244.

In the present case defendants appear to have come with a motion during the same term to set aside the judgment. Such a motion might be granted, but not necessarily so. The court would certainly be justified in overruling it, if the circumstances attending the nonassertion of the filed answer showed gross or willful negligence or ·indifference on part of defendant. The circumstances here are particularly strong. Appellant had notice, very soon after the order was made allowing his pleadings to be withdrawn, of this fact. He knew he was not to expect Judge Bliss to further represent him; he knew that his answer had been withdrawn, and he knew further, from the order entered, that this was with the sanction of the court, and that it would act, when the case came on for trial, as if he was without answer. With all this knowledge, he ignored the matter and left his cause to its fate for a month and a half, and only after the court had proceeded and rendered judgment upon the theory that he was without answer, did he see fit to take steps. Under these circumstances the court committed no error in refusing to set aside the judgment.

*Affirmed.*