## WILSON v. WILSON. (No. 6345.)

(Court of Civil Appeals of Texas. Austin. April 20, 1921. Rehearing Denied June 8, 1921.)

**1. Divorce ⬄223—Awarding of attorney's fee discretionary with trial court.**

In a proper case the trial court has authority to render judgment in favor of the wife for attorney's fee, but the right thereto is a matter largely within the discretion of the trial court.

**2. Divorce ⬄223—Refusal to award wife attorney's fee held not abuse of discretion.**

Where wife was given the only property owned by the husband and wife for the purpose of providing necessaries for herself and minor children placed in her custody, and the payment of expenses and costs incurred by her in connection with divorce suit, and where the husband was in bad health and it was uncertain as to when he would regain his health sufficient to earn his livelihood, refusal to award wife an attorney's fee *held* not an abuse of discretion.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

Suit by W. J. Wilson against Virgie Bell Wilson, in which defendant filed a cross-action. From judgment for defendant on her cross-action giving her insufficient relief, she appeals. Affirmed.

R. L. Henderson, of Waco, for appellant.

Witt, Terrell & Witt, of Waco, for appellee.

JENKINS, J. This was a suit by appellee against appellant for divorce. Appellant filed a cross-action, asking for divorce, custody of minor children, and partition of community property. Judgment was rendered in favor of appellant on her cross-action, awarding to her the custody of the children and the use of all community property, but denying her an attorney's fee. This appeal is from the judgment of the court denying such attorney's fee.

The case was tried before the court without a jury, and the trial court filed the following findings of fact and conclusions of law:

---

⬄For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"(1) I find that upon the date of the trial of this case that plaintiff was confined in a sanitarium and did not testify, and that upon the testimony of the defendant given at the trial she was entitled to a divorce upon her cross-action, and as to this there was no contest by the plaintiff, that the employment of an attorney by defendant to represent her was necessary, and that the defendant ˙ personally agreed to pay her attorney a reasonable fee, and that a reasonable fee would be $200, and that she employed as her attorney R. L. Henderson, who acted in good faith.

"(2) I find that the plaintiff and defendant are the father and mother of five children, and that it is to the best interest of the three minor children, all being girls, to wit, Mabel Wilson, Itho Wilson and Myra Wilson, that they be awarded to the care and custody of the defendant, Virgie Bell Wilson.

"(3) I find that the only property owned by the plaintiff and defendant consists of the following community property: A house and lot situated at No. 1037 Taylor street, of the approximate value of $2,500, constituting the homestead of plaintiff and defendant; a house and lot situated at 301 Matthew street, Hillsboro, Hill county, Tex., of the approximate value of $1,000; household and kitchen furniture of the approximate value of $500.

"(4) I find that the plaintiff, W. J. Wilson, is about 55 years of age, about 20 years older than the defendant, Virgie Bell Wilson; that he has been for some time in bad health, and for the past several weeks confined in a sanitarium for the benefit of his health, and was upon the date of the trial of this case confined in said sanitarium, that on account of his poor health he has been unable to earn a livelihood for several weeks, and that it is uncertain as to when he will regain his health sufficient to earn a livelihood.

"(5) I find that the defendant, Virgie Bell Wilson, is a' woman of approximately 35 years of age, and in good health and in every way competent to earn a livelihood, and, with the aid of the use of the community property set apart to her, able to pay a reasonable fee to the attorney employed by her to represent her in this suit.

"Conclusions of Law.

"(1) I conclude that the defendant is entitled to a divorce on her cross-action.

"(2) I conclude that it is to the best interests of the minor children that they be awarded to the care and custody of the defendant.

"(3) I conclude that it is proper and equitable that the entire community property of the plaintiff and defendant should be and by judgment it is set apart for the use of the defendant in providing for the necessaries for herself and minor children and the payment of expenses and costs incurred by her in connection with this suit, and that it would be inequitable to charge the plaintiff with the attorney's fees incurred by the defendant."

We approve these findings of fact, and adopt them as our own.

## Opinion.

[1, 2] In a proper case the trial court has authority to render judgment in favor of the wife for an attorney's fee when sued for a divorce. However, the right to such attorney's fee is a matter largely within the discretion of the trial court. There is no statute requiring judgment for such attorney's fee. We do not think that the trial court abused its discretion in its judgment in this case. We approve the trial court's conclusions of law.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.