## WALKER v. WALKER.
### No. 11869.

Court of Civil Appeals of Texas. Galveston.
April 3, 1947.

Otis Scruggs, Jr., of Houston, for appellant.

Peden & Stevens, of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Mattie Walker, for divorce from her husband, V. W. Walker, on the grounds of excessive cruel treatment and outrages of such a nature as to render their further living together insupportable. Appellee answered by general denial. By cross-action he sought a divorce from appellant and for partition of their community estate.

The trial court found that plaintiff had failed to sustain the material allegations in her petition and that her suit for divorce should be denied, but that cross-petitioner had proven the material allegations in his petition and divorce was granted on his cross-action.

The court found that a 40 acre tract of land in Houston County, Texas, was the separate property of cross-petitioner, and

that the cross-defendant owned no interest or title therein. The court partitioned the other claimed community property of the parties and refused appellant's claim for attorney's fees.

Appellant complains of the action of the trial court in refusing to hold that said 40 acre tract of land in Houston County constituted the community property of the parties, and in the court's refusal of appellant's claim for attorney's fees, and his refusal to hear testimony in reference thereto.

While the evidence relating to the ownership of the 40 acre tract of land in Houston County was conflicting, it was, we think, sufficient to support the trial court's finding that it was the separate property of the appellee, and in that event this court has no power to disturb the trial court's judgment under the rule of law that the findings of a trial court in a case tried without a jury have the same force and are entitled to the same weight as the verdict of a jury; and that such findings will not be disturbed by an appellate court where there is some evidence to support them even though the evidence is conflicting. 3 Tex. Jur., page 1102, Section 771; Custer v. McGough, Tex.Civ.App., 184 S.W.2d 668; Weems v. Stewart, Tex.Civ.App., 192 S. W.2d 935; Machicek v. Renger, Tex.Civ. App., 185 S.W.2d 486.

While fees for services rendered a wife by an attorney in a divorce suit are generally recoverable from the husband in cases where she has reasonable grounds for instituting or defending the suit, and where the suit is instituted or defended by her in good faith, on the theory that she is entitled to protect her rights granted her under the law and that such expenses are classed as necessaries (McClanahan v. McClanahan, Tex.Civ.App., 197 S.W.2d 581, and authorities there cited), it has been uniformly held by the courts of this State that if the wife's grounds for divorce are not sufficient, or if it is shown on the trial of the case that the suit was not brought by her in good faith, then the husband would not be liable for such attorney's fees. Ashworth v. Edwards, Tex.Civ.App., 5 S.W.2d 776; Becker v. Becker, Tex.Civ. App., 299 S.W. 528; Hill v. Hill, Tex.Civ. App., 125 S.W. 91; Rauch v. Rauch, Tex. Civ.App., 237 S.W. 334.

The rule seems to be that in a proper case the trial court has authority to render judgment in favor of a wife for an attorney's fee when sued for a divorce. However, the right to such attorney's fee is a matter largely within the discretion of the trial court. There is no statute requiring judgment for such attorney's fee. Wilson v. Wilson, Tex.Civ.App., 231 S.W. 830.

The evidence and the record in this cause clearly present an issue of fact as to whether appellant brought her suit in good faith and with probable cause. The trial court found upon conflicting evidence that appellant had failed to sustain the material allegations of her petition, and that the appellee had proved the material allegations upon which he based his cross-action. A careful consideration of the record convinces us that he did not abuse his official discretion in refusing appellant's claim for attorney's fees.

Appellant's contention that the trial court erred in refusing appellant's testimony and evidence with reference to the claim of appellant for attorney's fees cannot, we think, be sustained.

The court heard all the evidence offered by appellant in support of her divorce action, and having decided that she was not entitled to a divorce, nor to the recovery of attorney's fees, the testimony introduced for the purpose of showing the value of such services in the event payment was allowed, was superfluous and immaterial. Further, there is no showing in the record that the evidence, if it had been admitted, would have in any way changed the court's decision.

It follows that the judgment of the trial court must be in all things affirmed.

Affirmed.