**Susie Lee COUNTS, Appellant,**

v.

**Carl Aaron COUNTS, Appellee.**

**No. 10974.**

Court of Civil Appeals of Texas.

Austin.

May 30, 1962.

Rehearing Denied June 20, 1962.

**194**

Ronald Smallwood, Karnes City, Nunn & Griggs, Sweetwater, for appellant.

William C. McDonald, San Angelo, for appellee.

RICHARDS, Justice.

Susie Lee Counts, appellant, filed suit for divorce in the 51st District Court of Tom Green County against Carl Aaron Counts, appellee, upon the statutory grounds set forth in Art. 4629, Vernon's Civil Statutes, alleging the accumulation of a community estate during the marriage, asking for partition thereof, and praying for a temporary restraining order and temporary injunction *pendente lite* enjoining appellee from disposing of or encumbering any of the community property; directing appellee to pay into the registry of the Court the sum of $250.00 monthly for the support and maintenance of appellant and for the allowance of reasonable attorney's fees. The Trial Court having granted a temporary restraining order, the hearing on the temporary injunction was set for April 28, 1961.

Appellee answered and filed a cross-action as cross-plaintiff seeking a divorce from appellant, alleging that prior to April 5, 1961, the date of filing of appellant's original petition, he had separated from appellant, which separation was caused by actions and conduct of appellant as cross-defendant, which would entitle him to a divorce under the statutory provisions of Art. 4629, V.C.S. He further alleged that he would file a full and complete inventory of the community property as ordered by the Trial Court and prayed for partition of the community property in accordance with law unless the parties should be able to make a just and equitable division of the property between themselves.

Upon the hearing of appellant's application for alimony *pendente lite* on April 28, 1961, both parties announced in open court that they had agreed to the rendition of a temporary injunction and allowance for appellant in lieu of alimony and other temporary relief for the benefit of both parties, and the Trial Court entered its order temporarily enjoining appellee from selling, disposing of or encumbering any of the community property or contracting any debts on account thereof but providing that appellee was authorized to borrow from the San Angelo National Bank such amounts of money as would be reasonably required for the payment of the cost of labor and other necessary expenses connected with the shearing of sheep belonging to the community estate, which funds were to be used by appellee solely for such purpose and which debt should constitute a charge against the community estate.

The order further provided that appellant should have the use and possession of the community homestead with the furniture contained therein and an automobile in her possession and appellee should continue to have the use and possession of a pick-up truck and other vehicles in his possession and that he should remain in possession of all other community property of the parties subject to the injunctive provisions.

Appellee was ordered to immediately sell a sufficient amount of wool produced from the sheep sufficient to provide a sale price of $1500.00 and upon receiving the proceeds of the sale to pay to appellant the sum of $750.00 therefrom to be used by her for her support and maintenance during pendency of the suit and to be charged against her interest in the community estate and that appellee should retain the balance from such sale for his support and maintenance during pendency of the suit. Appellee was then authorized to sell the remaining wool produced from the sheep at such times and for the best prices reasonably obtainable as he might deem advantageous for the community estate, the

proceeds to be deposited by appellee in a bank account in his name in the San Angelo National Bank and retained on deposit subject to further orders of the Court and providing for an accounting of all expenditures made by appellee in connection with the shearing of such sheep. The order, having been approved by the parties in open court, provided that no formal writ of injunction or other process should issue but that the order should remain in effect from April 28, 1961 until further order or final judgment of the Court. All temporary relief sought by the parties which was not specifically granted was denied.

It appears from the record that between April 5, 1961, the date upon which the temporary restraining order was issued, and April 28, 1961, the date of the hearing on the application for temporary injunction, the firm of attorneys who had filed the suit for appellant had been dismissed and that Ronald Smallwood, an attorney of Karnes City, Texas, had been employed by appellant to represent her in the divorce proceedings including the hearing on the temporary injunction.

On June 1, 1961, appellant filed a motion for contempt against appellee for violation of the temporary injunction; alleging that on May 19, 1961 appellee had sold certain wool sheared from the sheep belonging to the community estate to Western Wool and Mohair Company who had paid appellee the sum of $3,019.61 and that under the provisions of the temporary injunction it became the duty of appellee to immediately pay appellant $750.00 from the proceeds of such sale which he had failed to do and that the failure of appellee to immediately make such payment to appellant constituted a violation of the injunctive order.

The Trial Court ordered appellee to appear on June 23, 1961 to show cause why he should not be adjudged in contempt and on June 8, 1961 appellee filed a sworn answer to the motion for contempt alleging that he had sold the wool as alleged through Western Wool and Mohair Company who mailed him a check therefor in the sum of $3,019.61 at Robert Lee, Texas, which was received after banking hours on June 1, 1961; that on the morning of June 2, 1961, he deposited the check in the San Angelo National Bank and issued to appellant his check on such account for $750.00 which was delivered on the same day by his attorney to Cliff Tupper to be delivered to appellant; that on May 25, 1961 his attorney advised Ronald Smallwood, one of plaintiff's attorneys, that the wool had been sold and the court's order had been complied with and praying that the motion for contempt be dismissed. The record does not show that the Trial Court conducted any hearing on the motion for contempt on May 23, 1961 or entered any order granting or denying such motion.

On July 17, 1961 appellant filed a motion to inspect a safety deposit box in the San Angelo National Bank in which appellee had customarily kept papers and documents pertaining to the community business affairs, which papers and documents contained evidence material to the community business and properties involved in the suit; that the bank would not permit appellant's entry into such box without the consent of appellee who had the key in his possession, which, when used with a key in possession of the bank, would open the box, and prayed for an order requiring appellee to open such safety deposit box to permit appellant and her attorney to inspect the documents and papers and to copy or photograph such papers and documents as would, in the opinion of appellant, constitute evidence concerning the community property, which motion was set for hearing before the Trial Court on June 23, 1961. The record does not disclose that any hearing upon this motion was held or the entry of any order either granting or denying it. However, the record reveals that appellant was in possession of a key to the box at the time the motion was filed.

On July 26, 1961 appellant filed an application for the appointment of a receiver and other relief, in which it was alleged that appellee was in possession of all of the community livestock of the value of approximately $17,000.00 according to the inventory made by appellee, which livestock was kept by appellee on a leased ranch upon which ranch appellee's father and brother also pastured livestock belonging to them. Appellant then alleged that since the livestock of appellee's father and brother were also sheep, it was within the power of appellee to commingle the community livestock with the livestock belonging to his father and brother and by reason thereof appellee's father and brother could claim the ownership of such of the community livestock which might be of greater value than some of the livestock belonging to them and could substitute inferior livestock for the better community livestock. It was further alleged that additional fraud might be practiced in the disposition of the community livestock by appellee, his father and his brother and unless a receiver was appointed to take possession of all of the community livestock as well as the community money on deposit to appellee's account in the San Angelo National Bank, appellee, with the connivance and aid of his father and brother, would defraud appellant of part of her community property.

Appellant further alleged that the provisions of the temporary injunction entered May 28, 1961 were being violated by appellee and that she did not have any income for her maintenance during the pendency of the suit and being without funds for her support the Trial Court should allow her a sum for her support in proportion to the means of appellee under the provisions of Art. 4637, V.C.S., until the entry of a final decree. It was also alleged that although appellant had received the sum of $750.00 as provided in the order of May 28, 1961, she was required to pay a substantial part thereof to her attorney, Ronald Smallwood, in accordance with an oral contract between herself and said attorney; that since the sum of $750.00 was charged against her community interest, any order which should be construed to provide that she could not use a reasonable part of such money in paying her attorney would be contrary to Art. I, Sec. 19, Constitution of Texas, Vernon's Ann.St. and the 14th Amendment to the Constitution of the United States as depriving her of the right of counsel to represent her and her property rights and that she should now receive out of the community funds or from the sale of community property an amount in the sum of $1,000.00 to be used in part for her support and maintenance and in part to pay a reasonable retainer fee to her attorney Ronald Smallwood under his contract of employment.

Appellee filed his answer and reply to the application for the appointment of a receiver and other relief consisting of special exceptions, a general denial and alleging full and complete compliance by him with the provisions of the temporary injunction order.

On August 4, 1961 the Trial Court, having heard the application for the appointment of a receiver and other relief, denied the appointment of a receiver, ordered appellee to file a written verified accounting, authorized appellant or any agent designated by her, upon notice to appellee or his attorney, to go upon the Coke County ranch leased by appellee for the purpose of inspecting and counting the livestock and other personal property claimed to belong to the community estate, and ordered appellee to pay appellant as alimony *pendente lite* the sum of $50.00 per week until further orders of the Court and denied the application requiring appellee to pay appellant the sum of $1,000.00 in cash out of the community funds on hand. However, prior to August 4, 1961, appellant had paid her attorney, Ronald Smallwood, the sum of $425.00 in part payment of his retainer fee of $500.00 agreed to by appellant, which was paid out of the $750.00 received by her from appellee on June 2, 1961, pursuant to the Court order effective May 28, 1961.

The case was set for trial upon the merits on August 17, 1961. At the hearing on the application for appointment of a receiver on August 4, 1961, Mr. Smallwood advised the Trial Court that if the Court concluded not to require the payment of $1,000.00 to appellant in order that she could pay him $500.00 as a retainer fee, he would nevertheless proceed to try the case on August 17, 1961 and await such payment until after the trial. However, at the commencement of the trial although appellant appeared in person, her attorney, Mr. Smallwood, did not appear. Upon questioning by the Court appellant stated that she had no attorney due to the fact that she could not comply with her contract with Mr. Smallwood and that Mr. Smallwood advised her shortly before the date set for trial that since she could not fulfill her contract by the payment of the retainer fee, he could not try the case and would not be in Court and that therefore she was not ready to go to trial. Upon further questioning by the Court appellant announced that she did not have any money to hire another attorney and that she had not tried to get another attorney because she wanted Mr. Smallwood. In response to a question by the Court about how much time appellant needed to get another lawyer she replied that she wanted some money to get Mr. Smallwood and that she did not want to get another lawyer and that no other lawyer would satisfy her except Mr. Smallwood.

The Trial Court then proceeded to try the case upon the merits without a jury and entered judgment denying appellant a divorce and granting a divorce to appellee on his cross-action against appellant; partitioned the community estate between appellant and appellee; awarded $125.00 as attorney's fees to the attorneys who originally filed the suit for appellant, to be paid by appellee; directed that each of the parties pay the attorney's fees respectively incurred by them; decreed that appellee should be held harmless by appellant for any other attorney's fees incurred by her and adjudged all unpaid court costs against appellee. Appellant filed a motion for new trial through Nunn and Griggs, attorneys of Sweetwater, Texas, which appellee answered by special exceptions and reply. The motion for new trial was overruled and appellant has perfected this appeal.

Appellant's brief which is signed by Ronald Smallwood as one of appellant's attorneys, presents ten points of error, the first of which is directed to the error of the Trial Court in granting appellee a divorce on his cross-action because the evidence was insufficient to authorize the granting of such divorce.

Appellee, a witness in his own behalf, testified that for over a year appellant had quarreled with him and told him every few days to get his clothes and leave which he finally did; that the quarreling went on during the night on several occasions and that when his father gave him an oil check amounting to about $80.00, appellant argued with him about it during that night and the next morning stated that she did not get her half of it although he had already given her half the amount of the check out of his own pocket because he had not had an opportunity to cash the check; that on many occasions appellant accused him of running around with other women which charges were false and that on account of appellant's conduct in quarreling and "fussing" with him all of the time, just before he separated from appellant he went to a hospital for four or five days because he thought he had heart trouble but was advised that it was not heart trouble but that his condition was caused by mental strain; that since the separation he had recovered his health but there was no way that he and appellant could ever live together again as husband and wife.

After appellant had filed suit for divorce, appellant continued to harass appellee by filing the motion for contempt above referred to without any factual basis and the motion to require appellee to make the safety deposit box in the San Angelo Na-

tional Bank available by delivering his key to the box, although the key was in her possession at the time the motion was filed, and in her motion for the appointment of a receiver, without any justification or cause whatever, accused appellee of conspiring with his father and brother to fraudulently dispose of part of the community livestock.

In addition, on the hearing of her motion for new trial appellant testified that she had no complaint about the decree of divorce in favor of appellee, but her sole complaint was that he did not receive her fair share of the community estate because she did not have her attorney present to help her get it.

■■■ The rule of law in Texas is that a divorce may be granted on the ground of cruel treatment on the part of one spouse towards the other when such cruel treatment renders their further living together insupportable. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459. Cruel treatment as used in Art. 4629, V.C.S., means such treatment by one spouse towards the other as is incapable of being supported, unendurable or insufferable. Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409. Whether the wife's conduct renders further living together insupportable is largely a question of fact. Guerra v. Guerra, Tex. Civ.App., 327 S.W.2d 625.

■■■ In reviewing the evidence, it is our duty to examine the entire record for the purpose of ascertaining whether the acts constituting the alleged cruel treatment have been established by full, clear and satisfactory evidence. Moore v. Moore, 22 Tex. 237. The duty of passing upon the credibility of the witness and the weight to be given such testimony is within the sound discretion of the Trial Court. McGinnes, v. McGinnes, Tex.Civ.App., 322 S.W.2d 417. Acts of cruel treatment when proved although occurring after separation are also available as grounds for divorce. Mortensen v. Mortensen, Tex.Civ.App., 186 S. W.2d 297.

■■■ From a careful examination of the entire record, we are of the opinion that the judgment of the Trial Court granting appellee a divorce from appellant is supported by clear and satisfactory evidence and therefore should be sustained. Appellant's first point of error is overruled.

■■■ Upon her second, third and fourth points of error appellant complains that the Trial Court erred in refusing to order appellee to pay appellant $500.00 out of the community funds prior to trial in order that she could pay such sum to her attorney, Mr. Smallwood, under his contract of employment, thereby denying appellant counsel of her choice to protect her property rights upon the trial in violation of the due process and equal protection provisions of the 14th Amendment to the Constitution of the United States and Sec. 19, Art. I, Constitution of Texas. It is undisputed that upon the hearing of the temporary injunction, it was agreed by appellant, through her attorney Mr. Smallwood, that she should receive the sum of $750.00 in full satisfaction of her claim for support and maintenance and attorney's fees, which sum was to be charged against her interest in the community estate and out of which sum appellant paid Mr. Smallwood the sum of $425.00. Upon the hearing of appellant's motion for the appointment of a receiver the Trial Court denied appellant's request that she be paid $1,000.00 out of the community estate for her use in making further payment to Mr. Smallwood for is attorney's fees, which request was denied by the Trial Court.

In Wallace v. Briggs (Tex.Sup.) 348 S. W.2d 523, where the Trial Court had entered an order for the payment of attorney's fees for services rendered by various attorneys to the wife after the institution of the divorce case, under the provisions of Art. 4636, V.C.S., the Supreme Court held as follows:

"But the order here entered is in no sense temporary in its nature. It fixes the payment of attorneys' fees for

past services rendered to date of the hearing, and as to that matter is final and conclusive. We know of no such authority vested in the trial court by either statute or usage.

"The court has the power on the final disposition of the case to award attorneys' fees to the wife, the reasonableness of which are to be determined by the trier of the facts, and they are then entered as a part of the final judgment. Even then there is no authority for the judge to summarily order them paid * * *."

In disposing of the motion for the appointment of a receiver the Trial Court awarded appellant the sum of $50.00 per week as alimony *pendente lite* but denied the request of appellant for an additional sum to be paid Mr. Smallwood as attorney's fees. We hold that in entering such order the Trial Court correctly exercised its discretion. Appellant's second, third and fourth points of error are overruled.

Under her fifth point appellant contends that the judgment of the Trial Court was erroneous and not final in that it failed to dispose of appellant's petition or the cause of action therein stated. This point was assigned by appellant as her fourth ground of error in her motion for new trial. In his answer appellee specially excepted to such ground which was sustained by the Trial Court *by agreement of the parties* in open court. The action of the Trial Court in sustaining the special exception having been agreed to by appellant, the error was waived and cannot now be assigned as error and considered by this Court upon appeal. Rule 374, Texas Rules of Civil Procedure.

The Trial Court's judgment recites that "plaintiff Susie Lee Count's action for divorce should be denied." In her petition appellant also prayed for a partition of the community estate and an allowance of attorney's fees and in its judgment the Trial Court partitioned the community estate and allowed appellant a sum for attorney's fees.

All of the grounds for relief prayed for in appellant's petition were fully disposed of in the Trial Court's judgment. Appellant's fifth point of error is overruled.

For her seventh point of error appellant complains that the Trial Court abused its discretion in denying appellant recovery from appellee of her reasonable attorney's fees incurred prior to the trial and in providing that she should hold appellee harmless for such attorney's fees. The Trial Court awarded reasonable attorney's fees to the firm of attorneys who instituted appellant's suit for divorce. The allowance of additional attorney's fees to an attorney thereafter employed by appellant who had already received the sum of $425.00 being within the discretion of the Trial Court, a denial thereof is not *per se* an abuse of discretion. Wilson v. Wilson, Tex.Civ.App., 231 S.W. 830. Since the wife does not have an absolute right to attorney's fees in a divorce suit and the award thereof being within the discretion of the Trial Court, a clear abuse of discretion must appear before such judgment should be disturbed. Walker v. Walker, Tex.Civ.App., 201 S.W.2d 61; 20 Tex.Jur.2d "Divorce", Secs. 303, 304. It is clear to us that the Trial Court did not abuse its discretion in refusing to award the additional attorney's fees to appellant and the judgment of the Trial Court will not be disturbed.

Appellant's sixth, eighth and ninth points of error, grouped together, assert that the Trial Court denied appellant due process and equal protection of the law contrary to the provisions of the Constitutions of the United States and Texas in failing to advise her, being unrepresented by counsel at the trial, that she had the right to request the Court to postpone the trial on the merits for a reasonable time to permit her to hire counsel and in not postponing the trial due to the absence of two of appellant's witnesses who, although under subpoena, were not present in Court.

As has been stated, when the case was called for trial appellant announced that

since Mr. Smallwood had advised her that he would not be present she was not ready to go to trial, that she did not have any money to hire another attorney and that she had not attempted to get another attorney because no other attorney would satisfy her except Mr. Smallwood. At the hearing on the motion for new trial appellant testified that the trial Judge had inquired whether she desired to get an attorney and offered to postpone the hearing in order to permit her to hire another attorney which she refused to do.

The record shows that the trial Judge examined appellant in order to afford her every opportunity to protect her rights but that upon her refusal to procure another attorney to represent her, he ordered the trial to proceed. Appellant was advised by her attorney that he would not be present unless he was paid an additional sum as attorney's fees to represent appellant. Appellant also testified on the motion for new trial that her sole complaint was not to the decree of divorce awarded appellee but to the fact that because she was not represented by her attorney she did not receive a larger share of the community estate awarded her by the Trial Court.

■ The failure of an attorney to perform the services for which he was employed, or his absence on the date set for trial or lack of diligence by a litigant in securing an attorney to represent him, or where a litigant fails to take steps to procure another attorney although advised that his counsel has withdrawn from the case, does not excuse such litigant's failure to take steps to see that he was properly represented at the trial, Milam v. Gordon, 29 Tex.Civ.App. 415, 68 S.W. 1003; 25 Tex. Jur. "Judgments", Sec. 161, and a new trial will be denied to a party whose counsel withdraws from the case prior to trial in time to engage the services of another attorney and fails to do so. 31 Tex.Jur., "New Trial—Civil Cases", Sec. 72.

As stated in Strode v. Silverman, Tex. Civ.App., 217 S.W.2d 454, error ref.:

"We fully recognize the valuable right of any litigant to be represented in the trial of his case by counsel of his own selection. However, the mere absence of counsel from the trial does not necessarily constitute an unwarranted denial of such right so as to require a new trial. Ordinarily, before a new trial will be granted upon that ground it is necessary for the complaining party to allege in his motion and to submit proof upon a hearing thereof showing that his failure to be represented at the trial was not due to his fault or negligence, or that of his counsel, and that he has a meritorious defense to the cause of action asserted against him." (Citing cases.)

■ Since upon the hearing of her motion for new trial appellant failed to comply with the foregoing rule of law, the Trial Court properly overruled the motion. Appellant's sixth, eighth and ninth points of error are overruled.

■ By her tenth point of error appellant complains that the Trial Court in making division of the community property was guilty of an abuse of judicial discretion. Approximately 35 pages of the statement of facts upon the trial on the merits are devoted to the examination of appellee by his counsel and the Trial Court as to the amount and value of the community property accumulated by the parties during their marriage. During these proceedings the Trial Court was very careful and painstaking in his efforts to protect appellant's rights in the community estate even to adopting the values placed upon part of the community property by appellant which exceeded the values placed thereon by appellee in the inventory.

Art. 4638, V.C.S., provides that in granting a divorce the Trial Court should order a division of the estate of the parties

in such a way "as the court shall deem just and right." In the division of the community property in divorce proceedings under Art. 4638, supra, the Trial Court has a broad discretion which will not be disturbed unless an abuse of such discretion is shown. Giesler v. Giesler, Tex.Civ.App., 309 S.W.2d 949; Ingham v. Ingham, supra. In examining the record, we find that in the division of the community property the Trial Court awarded appellant a share in the community estate of a value of in excess of more than $5,000.00 over the share awarded to appellee.

The division of the community estate between appellant and appellee under the facts as adjudged by the Trial Court was fair and equitable to both appellant and appellee and since it does not reflect any abuse of discretion by the Trial Court, it is approved. Appellant's tenth point of error is overruled.

The judgment of the Trial Court is affirmed.

Affirmed.