COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



CHARLOTTE R. WILBORN,
INDIVIDUALLY AND AS THE
ADMINISTRATRIX OF THE ESTATE
OF EDWARD E. WILBORN,
DECEASED, EDE R. WILBORN,
JA’MILLE WILLIAMS WILBORN,
AND ESTHER O. MORRIS,

                            Appellants,

v.

LIFE AMBULANCE SERVICES, INC.,

                            Appellee.

§

§

§

§

§

§

§

§




No. 08-03-00389-CV

Appeal from the

County Court at Law No. 7

of El Paso County, Texas

(TC# 99-1971-B)




O P I N I O N

           This is an appeal from the denial of a continuance of a hearing on Motions for
Summary Judgment filed by Appellee and the corresponding granting of the Motions for
Summary Judgment. For the reasons stated, we affirm the judgment of the trial court.
I. FACTUAL AND PROCEDURAL HISTORY 
           Appellants filed a lawsuit against multiple defendants arising out of an accident that
occurred on April 6, 1998 that resulted in the death of Edward Wilborn. Edward Wilborn
was electrocuted while performing duties in the course and scope of his employment. 
Appellants sued various Defendants for various claims related to the incident and Appellee
for claims related to the life support, resuscitation and transport of the deceased. At the time
that Appellants filed their Original Petition, June 9, 1999, they were represented by two
attorneys, Jose Montes, Jr. and Michael D. Volk.
           Two subsequent petitions were filed, and were entitled Appellant’s First Amended
Original Petition and Second Amended Original Petition, respectively. Each reflected that
Appellants were represented by both Mr. Montes and Mr. Volk. A Third Amended Original
Petition was filed on April 6, 2000 which was signed only by Mr. Jose Montes, Jr. The
appellate record reveals that the case remained pending for several years and included one
abatement of the case due to the filing of bankruptcy by one of the Defendants.
           On March 25, 2003, Michael D. Volk filed a Motion to Withdraw as attorney of
record notifying the court that “there has been a breakdown in cooperation and
communication with counsel in the handling of their case.” The trial court signed the Order
allowing for the withdrawal of Mr. Volk on April 9, 2003. Mr. Montes remained the 
attorney of record and Mr. Volk’s motion specifically informs the court that Mr. Montes
“will remain as counsel.” The motion also includes a paragraph referencing various pending
deadlines, including notice that all dispositive motions were to be filed by May 8, 2003 and
a trial setting of June 23, 2003. On April 17, 2003, Appellee filed two Motions for
Summary Judgment, a traditional motion and a “no evidence” motion, setting both for
hearing on May 8, 2003. On April 30, 2003, Appellants filed a Motion for Continuance of
the dispositive motions hearing, contending that at the April 9, 2003 hearing on the Motion
to Withdraw, the trial court allowed Appellants thirty days, until May 9, 2003, to obtain new
counsel to represent them in pursuing their claims against Appellee. We note for the record
that neither the Motion for Continuance nor the Order denying same are included in the
clerk’s record though Appellants attach a copy of the motion in the appendix to their brief. 
The Motion for Continuance was apparently considered at the dispositive motions hearing
held May 8, 2003 and denied. At that hearing, the trial court judge orally denied Appellant’s
motion but indicated that he would consider the pending motions for summary judgment
“under submission” and would rule on them after the May 9, 2003 deadline. We also note
that the Order allowing the withdrawal of Mr. Volk makes no reference to allowing
Appellants any time limit to retain new counsel. The matter appears to have been discussed
at the April 9, 2003 hearing, but any order or agreement was never reduced to writing and
a transcript of that hearing is not included in the appellate record. The trial court granted the
motions for summary judgment and severance of the case on May 12, 2003.
           Appellants filed a Motion for New Trial and Notice of Appeal. Appellants have
raised one issue, complaining that the “trial court erred in denying Appellant’s Motion for
Summary Continuance because the time period to secure new counsel had not yet expired
prior to the trial court’s granting of Appellee’s . . . Motion for Summary Judgment.”
 

II. DISCUSSION OF ISSUE
           In their sole complaint, Appellants assert that the trial court abused its discretion in
denying Appellants’ Motion for Continuance of the summary judgment hearings. We note
that Appellants’ brief appears to include a complaint about the “granting of Appellee’s . . . 
Motion for Summary Judgment” in a brief reference contained in its preliminary statement
of the case. We also note for the record that Appellants do not brief the issue regarding the
granting of the summary judgments and do not reference it in the body of the brief. Because
Appellants do not argue or brief the issue, and do not cite any authority or make any
references to the record, we consider that issue waived. Tex. R. App. P. 38.1(h).
A. Standard of Review-Abuse of Discretion
           The granting or denial of a motion for continuance is within the trial court’s sound
discretion. Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986); State v. Crank, 666 S.W.2d
91, 94 (Tex. 1984); Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex. 1964). The trial
court’s action will not be disturbed unless the record discloses a clear abuse of discretion.
When the ground for the continuance is the withdrawal of counsel, movants must show that
the failure to be represented at trial was not due to their own fault or negligence. Villegas,
711 S.W.2d at 626; Crank, 666 S.W.2d at 94. Generally, when movants fail to comply with
Tex. R. Civ. P. 251’s requirement that the motion for continuance be “supported by
affidavit,” we presume that the trial court did not abuse its discretion in denying the motion.
Villegas, 711 S.W.2d at 626; Garcia v. Tex. Emp. Ins. Ass’n, 622 S.W.2d 626, 630
(Tex.App.--Amarillo 1981, writ ref’d n.r.e.). The right to counsel is a valuable right; its
unwarranted denial is reversible error. Villegas, 711 S.W.2d at 626; see Crank, 666 S.W.2d
at 94; Stefanov v. Ceips, 395 S.W.2d 663, 665 (Tex.Civ.App.--Amarillo 1965, no writ).
Therefore, when a trial court allows an attorney to voluntarily withdraw, it must give the
party time to secure new counsel and time for the new counsel to investigate the case and
prepare for trial. Villegas, 711 S.W.2d at 626; Lowe v. City of Arlington, 453 S.W.2d 379,
382 (Tex.Civ.App.--Fort Worth 1970, writ ref’d n.r.e.); Stefanov, 395 S.W.2d at 665; Leija
v. Concha, 39 S.W.2d 948, 950 (Tex.Civ.App.--El Paso 1931, no writ). See Robinson v.
Risinger, 548 S.W.2d 762 (Tex.Civ.App.--Tyler 1977, writ ref’d n.r.e.). Before a trial court
allows an attorney to withdraw, it should see that the attorney has complied with the Code
of Professional Responsibility: [A] lawyer should not withdraw from employment until he
has taken reasonable steps to avoid foreseeable prejudice to the rights of his client, including
giving due notice to his client, allowing time for employment of other counsel, delivering to
the client all papers and property to which the client is entitled and complying with applicable
laws and rules. Supreme Court of Texas, Rules Governing the State Bar of Texas art. XII,
§ 8 (Code of Professional Responsibility) DR 2-110(A)(2); Villegas, 711 S.W.2d at 626; 
Smith v. State, 490 S.W.2d 902, 909-10 (Tex.Civ.App.--Corpus Christi 1972, writ ref’d
n.r.e.).
 

B. Discussion
           On appeal, Appellants argue that the court abused its discretion in failing to grant
them a continuance for the purpose of obtaining different counsel in this matter. We note
that since the filing of the Original Petition in this matter, Mr. Montes was, at all times,
counsel of record and was an active participant in the prosecution of this litigation. The
April 9, 2003 Order allowing the withdrawal of Michael Volk as attorney of record states that
Jose Montes Jr. will remain as counsel for the Appellants. There are no written orders
included in the appellate record that document any agreement to allow Mr. Montes to
withdraw from representation. We also note that at no time were Appellants without
representation by competent legal counsel who had intimate familiarity with the case.
           Whether or not to grant a continuance based upon the absence of counsel is a question
for the trial court’s discretion. Tex. R. Civ. P. 253. The test for determining whether a trial
court abuses its discretion is whether it acted without reference to any guiding rules or
principles. Waste Water, Inc. v. Alpha Finishing & Developing Corp., 874 S.W.2d 940, 942
(Tex.App.--Houston [14th Dist.] 1994, no pet.); Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d
721 (1986); Craddock v. Sunshine Bus Lines, 133 S.W.2d 124, 126 (Tex.Comm’n
App.--1939, opinion adopted). In other words, the trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner. Waste Water, Inc., 874 S.W.2d at 942.
           Furthermore, we note that in cases where a trial judge’s discretion comes into play,
such as in his decision to dismiss a case for want of prosecution, it has long been the rule that
the judge may take into account the entire procedural history of the case. Waste Water, Inc.,
874 S.W.2d at 942; Sustala v. El-Romman, 712 S.W.2d 164, 166 (Tex.App.-- Houston [14th
Dist.] 1985, writ ref’d n.r.e.) (court may consider entire history of case, including past lack
of diligence, when deciding whether to dismiss for want of prosecution). We agree with the
Houston Court of Appeals and see no reason why a trial judge should not be permitted to
consider the entire history of the case in deciding whether or not good cause exists for
granting a continuance. Waste Water, Inc., 874 S.W.2d at 942.
           Further, because the motion was not supported by affidavit, we presume that the trial
court did not abuse its discretion in denying the motion. Id.; see also Villegas, 711 S.W.2d
at 626.
           State v. Crank, 666 S.W.2d 91 (Tex.), cert. denied, 469 U.S. 833, 105 S.Ct. 124, 83
L.Ed.2d 66 (1984) provides guidance when evaluating a motion for continuance based upon
the absence of counsel. In Crank, the Supreme Court held that where the absence of counsel
has been urged as grounds for a continuance, the movant must demonstrate that the failure
to be represented at trial was not due to his own fault or negligence. Id. at 94. We recognize
that Crank, though helpful, is distinguishable from the case at bar because Crank was
initially applied only to cases where counsel was discharged prior to trial. In fact, the court
expressly stated, “We first note this is not a case where the party’s counsel voluntarily 
withdrew, nor one where a party, because of an emergency, was left without legal
representation.” Id. at 94. It is the movant’s conduct in discharging counsel, as related to
his diligence in prosecuting or defending a suit, that determines whether good cause exists
for granting a continuance. Id.
           Crank presented the unusual situation where the defendant had already received two
continuances and suddenly announced the morning of trial that he and his counsel had
reached “philosophical differences” and, in open court, discharged counsel. Absence of
counsel was due entirely to the defendant’s action. Based on those facts, the Supreme Court
found no abuse in discretion in denying Dr. Crank’s motion for continuance. Id. at 95.
           In Villegas v. Carter, 711 S.W.2d 624 (Tex. 1986), the Texas Supreme Court
expanded the Crank test to include cases where counsel voluntarily withdrew, and the
movant did not have time to procure new counsel. In Villegas, the court first reiterated in no
uncertain terms that the granting or denial of a motion for continuance is within the sound
discretion of the trial court. Id. at 626. The court further expanded its holding in Crank by
stating that when withdrawal of counsel is the ground for continuance, the movant must show
that failure to be represented by counsel at trial was not due to his own fault or negligence.
In Villegas, the movant’s attorney withdrew two days prior to trial and refused to turn over
to the movant files relating to his defense. The trial court refused to grant a continuance.
Under these circumstances, the Supreme Court held that the movant was not at fault or
negligent in failing to be represented at trial. The court concluded that the trial court had
abused its discretion in denying the continuance. Id. at 626.
           Several other cases have addressed a trial court’s failure to grant a motion for
continuance based on the absence of counsel, they are helpful in our analysis and were cited
with favor by the Crank court. The Crank court cited Strode v. Silverman, 217 S.W.2d 454
(Tex.Civ.App.--Waco 1949, writ ref’d), and Counts v. Counts, 358 S.W.2d 192
(Tex.Civ.App.--Austin 1962, writ dism’d w.o.j.); appeal dismissed, 373 U.S. 543, 83 S.Ct.
1549, 10 L.Ed.2d 688 (1963), both dealing with the trial court’s failure to grant a new trial
based upon absence of counsel. Counts is particularly relevant to our analysis because that
court specifically stated: “The failure of an attorney to perform the services for which he was
employed, or his absence on the date set for trial or lack of diligence by a litigant in securing
an attorney to represent him, or where a litigant fails to take steps to procure another attorney
although advised that his counsel has withdrawn from the case, does not excuse such
litigant’s failure to take steps to see that he was properly represented at the trial.” Counts,
358 S.W.2d at 200.
           The Crank court also relied upon Van Sickle v. Stroud, 467 S.W.2d 509
(Tex.Civ.App.--Fort Worth 1971, no writ). Van Sickle clearly states that absence of counsel
is a ground for continuance only upon a showing of diligence and lack of fault by the
complaining party. Id. at 511. Here, even if taking Appellants assertion that they had
attempted to obtain other counsel but were not able to do so as true, we note that they
appeared at the May 8, 2003 hearing represented by their attorney of record who participated
in those proceedings. At no time were they unrepresented by counsel. Thus, we believe our
holding is consistent with the analysis established by Crank and Villegas.
           We note that the Houston Court of Appeals has also rendered decisions consistent
with our position. In Dell Development Corp. v. Best Indus. Uniform Supply Co., Inc., 743
S.W.2d 302 (Tex.App.--Houston [14th Dist.] 1987, writ denied) and Gendebien v.
Gendebien, 668 S.W.2d 905 (Tex.App.--Houston [14th Dist.] 1984, no writ), the Houston
court affirmed the denial of a motion for continuance despite the absence of the party’s
attorney. In Dell, the corporation’s only explanation for failing to secure counsel to represent
it at trial was that an officer, who was not a licensed attorney, believed that he could
represent the corporation without the assistance of an attorney. Dell Development Corp., 743
S.W.2d at 303. In Gendebien, the movant had not engaged a new attorney to represent him
despite withdrawal of his counsel one month before. Gendebien, 668 S.W.2d at 908. Both
of these holdings are consistent with the rules enunciated in Crank and Counts and recognize
the culpability of the moving party. Waste Water, Inc., 874 S.W.2d at 942.
           Here, it is clear from the record that even if Appellants had been actively seeking
another attorney to represent them, their current counsel was certainly capable of providing
representation until such time as new counsel assumed responsibility for the case. At the
motion’s hearing on May 8, 2003, the trial court inquired of Mrs. Wilborn whether she had
obtained a new attorney. She responded that “And I have been trying to ascertain an
attorney. At this point in time, because of the time period, I’m having difficulties in town
and my daughter is presently checking out of town for me.” In short, they at no time, were
not represented by able counsel. Further, we note that the Motion for Continuance did not
contain any affidavits supporting the basis for a continuance of the hearings as required by
Tex. R. Civ. P. 251. The motion as filed provides support for the presumption that the trial
court did not abuse its discretion in denying the continuance. Accordingly, after examining
the record, we hold that the trial judge did not clearly abuse his discretion when he denied
Appellants’ Motion for Continuance. We therefore overrule Appellants’ sole issue.
           Having overruled Appellants’ sole issue on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
April 14, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.