**WAYNE C. HOLDEN CORPORATION and Wayne C. Holden, Individually and in His Capacity as Independent Executor of the Estate of James E. Holden, Deceased, Appellant,**

v.

**Kees VERHEUL, Appellee.**

**No. 13–88–277–CV.**

Court of Appeals of Texas, Corpus Christi.

March 23, 1989.

Rehearing Denied May 11, 1989.

Lee Mahoney, Corpus Christi, for appellant.

J. Norman Thomas, Corpus Christi, Tracy N. DuBose, Montgomery, for appellee.

Before NYE, C.J., and DORSEY and BENAVIDES, JJ.

## OPINION ON MOTION FOR REHEARING

DORSEY, Justice.

Having granted appellant's timely motion for rehearing, we withdraw our original opinion issued December 30, 1988, and substitute the following opinion in its place.

This is an appeal from the appointment of a receiver to operate oil and gas properties. The primary issue is whether the trial judge abused his discretion in failing to call a recess in the trial for four hours when appellant's counsel was unable to appear. We hold the trial judge abused his discretion and reverse and remand.

Appellee, Kees Verheul, originally brought suit against Wayne C. Holden Corporation and Wayne C. Holden (collectively referred to here as "appellant") for damages resulting from appellant's negligent operation and management of oil and gas properties in which appellee has an interest. While trial on the merits was pending, appellee filed an application for the appointment of a receiver in order to prevent further well damage and further loss of revenues. The case was pending in the 28th District Court of Nueces County. When the hearing on the appointment of a receiver was heard, the judge of the 28th District Court, the Honorable Walter B. Dunham, was unavailable and the Honorable Robert M. Blackmon heard the matter sitting as judge of the 28th District Court.

The hearing on the application of appellee began on Friday, June 3, 1988. Appellee presented three witnesses and rested. Appellee's witnesses began their testimony in the morning and continued after the lunch recess. After appellee rested, the appellant presented two witnesses, the examination of the latter being completed when the trial judge recessed the hearing until Monday morning after his docket call at either 9:00 or 9:30 a.m. Before the court recessed, counsel for appellant, Mr. Tracy DuBose, informed the court that Mr. Holden would be his next witness and that he would probably have to call an expert witnesses when testimony resumed.

When the case was called on Monday morning, Judge Blackmon noted that appellee and his counsel were present but that appellants and their counsel were absent. The judge stated that he understood Mr. DuBose was not feeling well and that he would arrive from Houston around 12:30 or 1:00 p.m., none of which was discussed with the judge. The judge said that counsel had talked to his staff only. In discussions with appellee's counsel, it was developed that an attempt to settle the case occurred over the weekend and it appeared that an agreement had been reached but that what appeared to be a material change to appellee's counsel was made by Mr. DuBose that morning, resulting in no agreement being reached. Judge Blackmon stated that he concluded that Mr. DuBose's absence and his client's absence was voluntary and he rested appellant's case for them. A receiver was then appointed.

A motion to vacate the order appointing the receiver was subsequently filed by Mr. DuBose on behalf of appellants, urging as its basis Judge Blackmon's failure to grant a recess or continuance to allow Mr. DuBose to return to court. At the hearing on the motion to vacate before Judge Dunham, Mr. DuBose testified that after the hearing on Friday he returned to his home in Montgomery, Texas, planning to fly to Corpus Christi on the evening of Sunday, June 5th in order to be in court at 9:00 a.m. on June 6th. Around noon on Sunday, Mr. DuBose became ill, experiencing nausea, stomach cramps, diarrhea, and a tempera-

ture of 102 degrees. He contacted appellee's attorney in an effort to settle the dispute about the appointment of a receiver. Although it seemed as though the case was settled Sunday night, the potential agreement dissolved between 8:30 and 9:00 a.m. Monday morning. At the time the agreement ended, Mr. DuBose was still at home at Montgomery, Texas, and had not returned to Corpus Christi. Mr. DuBose further testified that he immediately phoned the court in order to seek a delay in the proceedings. As both the trial judge and court coordinator were unavailable, he spoke with the court reporter, Olivia Oballe. He told Ms. Oballe that he was ill and could not be in court until 12:00 or 1:00 p.m.; he requested that she inform the trial judge of his predicament and ask the judge to speak with him. Mr. DuBose was informed that Judge Blackmon refused to speak with him and that he wanted Mr. DuBose in the courtroom immediately. DuBose told Ms. Oballe that he would arrive as soon as possible by taking a late-morning flight to Corpus Christi.

Other evidence at the motion to vacate was Ms. Oballe who testified essentially as to her dealings with Mr. DuBose and Judge Blackmon on Monday morning. Ms. Oballe said that when Mr. DuBose asked her over the telephone to see if the judge would talk with him, Judge Blackmon responded that he did not wish to speak to Mr. DuBose and that he wanted him there for the hearing. Other evidence was presented on the merits of the appointment of a receiver, although Judge Dunham limited it in the nature of a bill of exception in that he stated he was not hearing the evidence on the application of the receiver, rather the only relevant evidence in the motion to vacate was pertaining to Mr. DuBose's illness.

The motion to vacate was overruled.

The granting of a recess or a continuance based on the absence of counsel is a question for the trial court's discretion. Tex.R.Civ.P. 253 provides:

Except as provided elsewhere in these rules, absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record.

The seminal case in granting a continuance based on the absence of counsel is *State v. Crank*, 666 S.W.2d 91, 94 (Tex. 1984), wherein the Supreme Court stated:

In civil cases in which the absence of counsel has been urged as grounds for a continuance or new trial, courts have required a showing that the failure to be represented at trial was not due to the *party's own fault or negligence.* (emphasis ours).

In *Crank* the complainant fired his lawyer immediately before an administrative hearing was to begin, and he had earlier received two continuances from the board. No abuse of discretion was found in denying Dr. Crank's motion for continuance. Clearly, Dr. Crank failed to show the absence of his own negligence or fault.

In *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986), the Supreme Court found an abuse of discretion where the trial court granted a motion to allow the withdrawal of trial counsel two days before the trial was scheduled and then refused the party's pro se motion for a continuance. No fault or negligence was shown on the part of the party. In *Gendebien v. Gendebien*, 668 S.W.2d 905 (Tex.App.—Houston [14th Dist.] 1984, no writ), the court found no abuse of discretion when the attorney was allowed to withdraw one month before trial and the party hired no new attorney. The appellant left the file at another lawyer's office during the trial but did not retain him. After depositing the file at a lawyer's office during trial, the appellant left for Belgium and did not return until well after the trial. The court found no abuse of discretion in denying appellant's motion for continuance.

In the present case, Judge Blackmon justified his denial of the continuance by concluding that DuBose's absence and his client's absence was "voluntary." The concept of voluntariness, however, is not embodied on the *Crank* standard applicable to

motions for continuance based on absence of counsel. The *Crank* test requires a determination of whether the failure to be represented at trial was "due to the party's own fault or negligence." *Crank*, 666 S.W.2d at 94.

Here, we find no evidence of fault or negligence on the part of the party. On the contrary, the only evidence adduced was that Mr. DuBose was ill and he attempted to contact the trial court to seek a four-hour postponement. The trial court refused to speak with him, although he did engage in certain discussions with opposing counsel. A lengthy continuance was not sought, but rather, a recess for four additional hours to enable counsel to arrive from Houston.

We conclude that the trial court's failure to listen to any explanation for Mr. DuBose's absence, his failure to properly apply the *Crank* test, and his resulting failure in refusing to grant a four-hour recess to allow Mr. DuBose to be present at the trial and present his evidence constituted an abuse of discretion.

As appellant was unable to present its remaining evidence in opposition to the appointment of a receiver, we must determine if harm resulted. At the motion to vacate, Judge Dunham expressly limited the purpose of the proceedings to a bill of exception and declined to review Judge Blackmon's prior ruling on the appointment of a receiver:

MR. THOMAS [Counsel for Appellees]: Excuse me for interrupting, Your Honor, but just to clarify this point—I think it will save a lot of time—it's my understanding that the Court's proceeding with the testimony of this fellow because it is being offered by Mr. DuBose in the nature of a Bill? Is that—just so the record is clear, that what this testimony is going to—

THE COURT: [Judge Dunham]: It's my understanding it's being offered to show what would have been shown, had he been permitted to proceed with the hearing that was scheduled for Monday, June 6th.

MR DUBOSE: Yes, sir. And, of course, I'm also asking the Court to hear it on the Motion to Vacate.

THE COURT: *Well, I will deny that.*

\*     \*     \*     \*     \*     \*

THE COURT: All right. I will proceed with it, but I think so that—Let me say I'm going to hear this evidence for all purposes, so I will overrule the objection in its entirety, and I will just hear the evidence for whatever purpose it might be. Well, for all purposes here. *But I'm not reopening, and I'm not—the hearing on the application for the receiver; I'm not doing that. Not at this hearing.* (emphasis added).

We conclude that the evidence was heard by Judge Dunham in order to preserve it but not to reconsider Judge Blackmon's ruling on the appointment of a receiver. We have reviewed the evidence presented by appellant in the form of a bill of exception and find it to be relevant as to the issue of the appointment of a receiver. Appellant's second point of error is sustained.

In his first point of error, appellant argues that the order granting the receiver and the refusal to vacate the order was improper because of the lack of joinder of Barbara Holden, owner of an interest in some of the leases.

Barbara Holden, the widow of James Holden, Deceased, was not named as a party and shares the interest of the decedent with his estate, which is joined in the litigation. After a receiver was appointed, Mrs. Holden intervened by filing a motion to vacate that was heard by Judge Dunham; however, as discussed above, Judge Dunham heard the evidence only in the nature of a bill of exception. Mrs. Holden testified at both the original hearing on the appointment of a receiver and at the motion to vacate, although she was not a named party. She was represented by the same counsel as the other appellants. The motion to vacate, when filed in the same court that appointed the receiver, is a direct attack on the order. *Arensberg v. Drake*, 693 S.W.2d 588, 592 (Tex.App.—Houston [14th Dist.] 1985, no writ). By filing the motion to vacate, Mrs. Holden

appeared voluntarily. *Pitts v. GFC Corp.*, 228 S.W.2d 261, 262–63 (Tex.Civ.App.—Dallas 1950, no writ). However, considering our disposition of appellant's first point of error that necessitates a reversal and remand on the application for the appointment of a receiver, we find her absence from the original proceeding to be moot.

Appellant's third point of error attacks the sufficiency of the evidence to support the appointment of a receiver. In light of our disposition of appellant's first point and our remand for a full hearing on the appointment of a receiver, we do not reach appellant's third point.

Accordingly, the judgment of the trial court is REVERSED and the cause REMANDED to the trial court.