**WASTE WATER, INC., Appellant,**

v.

**ALPHA FINISHING & DEVELOPING CORPORATION, Appellee.**

No. C14–93–00507–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 21, 1994.

Richard A. Ward, Jr., Colleyville, for appellant.

Charles Brackett, Houston, for appellee.

Before ROBERTSON, CANNON and DRAUGHN, JJ.

## OPINION

CANNON, Justice.

Waste–Water, Inc., appeals from a default judgment on a sworn account entered January 29, 1993, in the amount of $3,007.82, together with attorney's fees of $5,568.75. Appellant brings five points of error complaining of the trial court's (1) failure to grant a continuance, (2) denial of their objection to entry of default judgment, (3) denial their motion for new trial, (4) denial of their motion for recusal, and (5) for entering a final judgment when appellant's co-defendant, Microbial Biotechnology, Inc., had been neither served nor severed from the cause. We affirm.

According to the pleadings, Alpha Finishing and Developing sold equipment to Waste–Water, Inc., which had been ordered through Waste–Water's purchasing agent. After the equipment had been accepted, Alpha Finishing and Developing received the purchase order, but, instead of being in the name of Waste–Water, Inc., it was captioned Microbial Biotechnology, Inc. Microbial Biotechnology is a company closely affiliated with Waste–Water, Inc. The equipment was never paid for.

Alpha Finishing and Developing Corporation sued Waste–Water, Inc., and Microbial Biotechnology, Inc., on a sworn account. Apparently, Microbial Biotechnology was never properly served with notice of the suit. Appellant Waste–Water did not file a timely answer to the suit. Waste–Water filed a late answer which prevented the trial court from granting appellee a default judgment.

The case was set for trial on January 20, 1993. Waste–Water's attorney of record, Richard Ward, became ill on January 15, 1993. His condition allegedly worsened on January 18, 1993, and he arranged for another attorney, Gary Donnell, to appear and file a motion for continuance. The motion recited that Waste–Water's attorney was ill and unable to fly down from Dallas, Texas, to appear. Attached as exhibits were documents from a PrimaCare Clinic where the attorney was treated. The first document was a customer's receipt for prescribed medicines, namely, Amoxicillin and Guaifed. The second document was a PrimaCare data sheet which listed patient information, including the fact that Mr. Ward's chief complaint was "congestion, sore throat, ear is getting full." The diagnosis is illegible. The critical omission of the motion for continuance, however, was the affidavit required by the Rules of Civil Procedure. Tex.R.Civ.P. 251. Moreover, in spite of his debilitating illness Mr. Ward was able to contact Mr. Donnell, arrange for him to prepare and present a motion for continuance, and prepare several documents which he faxed or mailed by overnight express to Mr. Donnell in support of that motion. All of this took place two days before trial.

The trial court denied the motion for continuance. A default judgment was taken. Waste–Water then filed a pleading entitled "Defendant Waste–Water, Inc.'s Objection to Entry of Default Judgment by the Court Against Waste–Water, Inc." The pleading stated that Waste–Water's failure to appear at trial was not due to neglect or conscious disregard of the trial setting, but to the illness of its attorney. The pleading incorporated several documents, including the documents attached to appellant's original motion for continuance. The motion also contained a "Return to Work/School Release" from the PrimaCare facility reciting that Mr. Ward was under the care of a PrimaCare physician on January 18, 1993, and that he would be able to return to school or work in two or three days, as well as a letter from Dr. Lu, Mr. Ward's physician, dated January 20, 1993, addressing, "To whom it may concern," and reciting that Mr. Ward was seen by a PrimaCare doctor on January 18, 1993, was diagnosed as having acute sinusitis and bronchitis, and that he should have complete bed-

rest. Finally, the motion included Dr. Lu's affidavit, executed January 25, 1993, that Mr. Ward was, in his professional opinion, too ill to attend trial on January 20, 1993.

The trial judge denied that motion and stated that he would sign the default judgment on January 29, 1993. A hearing was held on that date, at which Mr. Ward was questioned concerning other lapses in his handling of the case. Mr. Ward was asked to explain why he had refused, six times, to accept the certified and registered letter that contained the notification of the trial setting. The record conclusively demonstrates that Mr. Ward had no excuse for his conduct, in fact, he told the judge, "I basically can't explain the letter in front of you."

Waste–Water filed a motion for recusal and a motion for new trial. A hearing was set for April 12, 1993. Mr. Ward also failed to appear at that hearing, relying once again on illness to excuse his conduct. The hearing was reset for April 26, 1993, but by that time the motion for new trial had been overruled by operation of law. The motion for recusal was heard and denied.

■ In their first point of error, Waste–Water, Inc. argues that the trial judge abused his discretion by denying its request for continuance. In their second point, appellant alleges that the trial court erred by entering default judgment against them because their attorney was too ill to attend trial. We disagree.

■ Whether or not to grant a continuance based upon the absence of counsel is a question for the trial court's discretion. TEX. R.CIV.P. 253. The test for determining whether a trial court abuses its discretion is whether it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.— 1939, opinion adopted). In other words, the trial court abuses its discretion when it acts in an arbitrary or unreasonable manner. *Id.*

Furthermore, we note that in cases where a trial judge's discretion comes into play, such as in his decision to dismiss a case for want of prosecution, it has long been the rule that the judge may take into account the entire procedural history of the case. *Sustala v. El–Romman*, 712 S.W.2d 164, 166 (Tex. App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (court may consider entire history of case, including past lack of diligence, when deciding whether to dismiss for want of prosecution). We see no reason why a trial judge should not be permitted to consider the entire history of the case in deciding whether or not good cause exists for granting a continuance.

■ The record indicates that the trial judge clearly believed counsel for appellant exhibited a consistent pattern of neglect and indifference during the course of this cause. Appellant failed to timely answer the suit. Mr. Ward's justification in that instance was that his secretary had incorrectly docketed the answer due date. Mr. Ward also could not explain why his office persistently refused certified mail relating to the suit. Mr. Ward failed to show up on the morning of trial. He instead attempted to file a motion for continuance which did not conform with the requirements of the rules of procedure. Because the motion was not supported by affidavit, we presume that the trial court did not abuse its discretion in denying the motion. *See, Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex.1986).

■ Appellant relies on *State v. Crank*, 666 S.W.2d 91 (Tex.1984), *cert. denied*, 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). In *Crank*, the Supreme Court held that where the absence of counsel has been urged as grounds for a continuance, the movant must demonstrate that the failure to be represented at trial was not due to his own fault or negligence. *Id.* at 94. A close reading of *Crank*, however, convinces us that it initially applied only to cases where counsel was discharged prior to trial. In fact, the Court expressly stated, "We first note that this is not a case where the party's counsel volun-

tarily withdrew, nor one where a party, *because of an emergency*, was left without legal representation." *Id.* at 94 (emphasis added). It is the movant's conduct in discharging counsel, as related to his diligence in prosecuting or defending a suit, that determines whether good cause exists for granting a continuance.

In *Crank*, the defendant had already received two continuances. Moreover, the morning of trial he announced that he and his counsel had reached "philosophical differences" and, in open court, discharged counsel. Absence of counsel was due entirely to the defendant's action. Based on those facts, the Supreme Court found no abuse in discretion in denying Dr. Crank's motion for continuance. *Id.* at 95.

The Texas Supreme Court's decision in *Villegas v. Carter*, 711 S.W.2d 624 (Tex.1986), expanded the *Crank* test to include cases where counsel voluntarily withdrew, and the movant did not have time to procure new counsel. In *Villegas*, the Court first reiterated in no uncertain terms that the granting or denial of a motion for continuance is within the sound discretion of the trial court. *Id.* at 626. The Court further expanded its holding in *Crank* by stating that when *withdrawal* of counsel is the ground for continuance, the movant must show that failure to be represented by counsel at trial was not due to his own fault or negligence. In *Villegas*, the movant's attorney withdraw two days prior to trial. Furthermore, that attorney had refused to turn over to the movant files relating to his defense. The trial court refused to grant a continuance. Under these circumstances, the Supreme Court held that the movant was not at fault or negligent in failing to be represented at trial. The Court concluded that the trial court had abused its discretion in denying the continuance.

We find additional support for our interpretation of *Crank* in the cases cited by that Court. The *Crank* Court cited *Strode v. Silverman*, 217 S.W.2d 454 (Tex.Civ.App.—Waco 1949, writ ref'd), and *Counts v. Counts*, 358 S.W.2d 192 (Tex.Civ.App.—Austin 1962, writ dism'd w.o.j.); *appeal dismissed,* 373 U.S. 543, 83 S.Ct. 1549, 10 L.Ed.2d 688 (1963), two cases dealing with the trial court's failure to grant a new trial based upon absence of counsel. *Counts* is particularly relevant to our analysis because that court specifically stated:

> The failure of an attorney to perform the services for which he was employed, or his absence on the date set for trial or lack of diligence by a litigant in securing an attorney to represent him, or where a litigant fails to take steps to procure another attorney although advised that his counsel has withdrawn from the case, does not excuse such litigant's failure to take steps to see that he was properly represented at the trial.

*Id.* at 200. Furthermore, *Strode* and *Counts* claim as their heritage the landmark case, *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (Tex.Comm.App.—1939, opinion adopted), which is, of course, the progenitor of the rule that trial courts do not have an unbridled discretion to decide cases as they see fit and without reference to guiding rules or principles.

The *Crank* Court also relied upon *Van Sickle v. Stroud*, 467 S.W.2d 509 (Tex.Civ.App.—Fort Worth 1971, no writ). *Van Sickle* clearly states that absence of counsel is ground for continuance *only* upon a showing of *diligence* and lack of fault by the complaining party. *Id.* at 511 (emphasis added). Thus, *Crank* is not inconsistent with our analysis.

This Court's decisions in *Dell Development Corp. v. Best Indus. Uniform Supply Co., Inc.*, 743 S.W.2d 302 (Tex.App.—Houston [14th Dist.] 1987, writ denied) and *Gendebien v. Gendebien*, 668 S.W.2d 905 (Tex.App.—Houston [14th Dist.] 1984, no writ) are consistent with this analysis. In *Dell*, the corporation's only explanation for failing to secure counsel to represent it at trial was that an officer, who was not a licensed attorney, believed that he could represent the corporation without the assistance of an attorney. *Dell Development Corp.*, 743 S.W.2d at 303.

And, in *Gendebien,* although the movant's counsel had withdrawn one month before trial, the movant had not engaged a new attorney to represent him. *Gendebien,* 668 S.W.2d at 908. Both of these holdings are consistent with the rules enunciated in *Crank* and *Counts.*

Finally, we acknowledge that our holding is somewhat in conflict with the decision of the Corpus Christi Court of Appeals in *Wayne C. Holden Corp. v. Verheul,* 769 S.W.2d 629 (Tex.App.—Corpus Christi 1989, writ denied). In *Verheul,* the court of appeals found an abuse of discretion where the trial court failed to grant a continuance based upon the fact that a settlement agreement had fallen through half-an-hour before trial was scheduled to start, and because the movant's attorney was ill and unable to reach Corpus Christi for at least four hours. *Id.* The court of appeals stated that the *Crank* test required a determination of whether failure to be represented at trial was due to the party's own fault or negligence. *Id.* at 632. That Court went on to find that there was no fault or negligence on the part of the movant in failing to be represented by an attorney at trial; consequently, it held that the trial court abused its discretion in refusing to grant the movant a continuance.

We have no quarrel with the court's ultimate disposition of *Verheul.* We are convinced, however, that if we subscribed to a literal reading of *Verheul,* such as that espoused by appellant, namely, that unless absence of counsel was due *solely* to the fault or negligence of the party to the suit, a continuance is mandatory, then we would strip trial courts of all discretion in the matter. This result clearly would be contrary to the rules enunciated in *Craddock, Crank,* and *Villegas.* Moreover, such a holding would permit unscrupulous attorneys to forever delay litigation simply by not showing for trial, and then permitting the movant to allege that counsel's absence was not a result of the fault or negligence of the movant.

After examining the record, we hold that the trial judge did not clearly abuse his discretion when he denied Waste–Water's motion for continuance. We further hold that the trial court did not abuse its discretion in denying the motion objecting to the court's entry of default judgment. We overrule appellant's first two points of error.

■ In their third point of error, Waste–Water argues that the trial court erred in denying their motion for new trial. Appellant's point is clearly without merit. The trial court did not deny Waste–Water's motion for new trial. That motion was overruled by operation of law. The trial court set a date on which the motion was to be heard. Mr. Ward did not appear at the hearing, relying once again upon illness as a excuse. Counsel then obtained a second hearing date, but this date was more than 75 days after the default judgment was signed. Consequently, the motion was overruled by operation of law. *See, Clark & Co. v. Giles,* 639 S.W.2d 449, 449–450 (Tex.1982); *Taack v. McFall,* 661 S.W.2d 923 (Tex.1983). We overrule appellant's third point of error.

■ In their fourth point of error, Waste–Water argues that the trial court erred by overruling their motion for recusal. This point is likewise without merit. The procedural rules in Texas require a party to file a motion for recusal at least ten days before the date set for trial or any other hearing. Tex.R.Civ.P. 18a(a). The requirements of Rule 18a(a) are mandatory. Where a party fails to comply with those requirements, he waives his right to complain of a judge's failure to recuse himself. *Vickery v. Texas Carpet Co.,* 792 S.W.2d 759, 763 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

Waste–Water filed their motion to recuse after trial and after entry of the default judgment. In that respect, it was not timely. Although Waste–Water did file the motion ten days before the motion for new trial was heard, we note that Mr. Ward did not appear for that hearing. By time the hearing on new trial was re-heard, it had been overruled by operation of law. Consequently, it made no difference whether the trial judge recused

himself at that point; the issue was moot. *See, Petitt v. Laware,* 715 S.W.2d 688, 692 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). Therefore, we overrule appellant's fourth point of error.

In their final point of error, Waste–Water alleges that the trial court erred by entering a final judgment against them when their co-defendant, Microbial Biotechnology, Inc., had not been served or severed from the cause. Appellant relies on *Schlipf v. Exxon Corp.,* 644 S.W.2d 453, 454 (Tex.1982). Nevertheless, the judgment contains the language "all other relief not expressly granted in this Judgment is denied." Under *Schlipf,* this language is sufficient to dispose of all issues and parties. *Id.* at 454–455. Although Microbial Biotechnology was not served, no judgment was taken against it, the judgment does not affect it, nor does the absence of Microbial Biotechnology affect appellant's liability. Furthermore, the judgment disposes of Microbial Biotechnology as a party. Therefore, we overrule appellant's final point of error. We affirm the judgment.