**Affirmed and Memorandum Opinion filed June 11, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00858-CV

## MUHAMMAD AMIR QURASHI, Appellant,

## V.

## ISMAT JABEEN, Appellee.

### On Appeal from the 310th District Court
### Harris County
### Trial Court Cause No. 2011-52035

## M E M O R A N D U M    O P I N I O N

In this appeal from a final decree of divorce, appellant Muhammad Amir Qurashi contends that the trial court abused its discretion in denying his motion for continuance and motion for new trial after his lawyer was allowed to withdraw just before the start of trial. We affirm.

# I

Qurashi and appellee Ismat Jabeen were both born in Karachi, Pakistan. They married in New York in 2007, and the following year they had a child. In 2011, Jabeen filed for divorce in Harris County, citing irreconcilable differences, cruelty, and adultery. Jabeen also requested that she be appointed sole managing conservator of the child and that Qurashi be prohibited from having unsupervised access to the child.

The trial court signed temporary orders appointing Jabeen sole managing conservator of the child and Qurashi possessory conservator. The trial court also found credible evidence of a potential risk of international abduction, and restricted Qurashi's access to the child to limited periods of supervised visitation through the Harris County SAFE program. The trial court later modified the temporary orders to allow Qurashi overnight visits with the child consistent with the parties' agreement. Qurashi then answered and filed a counter-petition for divorce, requesting that he and Jabeen be appointed joint managing conservators of their child.

On May 18, 2012, seventeen days before trial, Qurashi's counsel filed an "Opposed Motion to Withdraw." In the motion, Qurashi's counsel asserted that good cause existed for her withdrawal because Qurashi was "insisting on a course of action that requires counsel to withdraw" and that Qurashi had failed to pay reasonable and necessary attorney's fees for her services. The motion, which reflected that it was served on Qurashi by certified and first-class mail the same day, informed Qurashi that the trial was set for 9:00 a.m. on June 4, 2012.

On June 4, the case was called to trial, but Qurashi was not present. Before

2

the start of trial, Qurashi's counsel presented her motion to withdraw.[1] She explained that Qurashi initially objected to the motion, but on May 22, she received an email from Qurashi in which he informed her that he no longer considered them to have an attorney-client relationship and he instructed her to not to take any further action on his case. Qurashi's counsel also stated that she had received a text from her office about ten minutes earlier informing her that Qurashi was in the courthouse. Counsel noted, however, that Qurashi had not yet arrived in the courtroom. The trial court, after stating for the record that the parties were notified to appear at 9:00 a.m., and it was now 9:30, granted counsel's motion to withdraw and excused her. Qurashi's counsel did not request a continuance on Qurashi's behalf.

The trial commenced after a short break and Jabeen began presenting her case. Jabeen testified that she had to flee Pakistan because Qurashi held her hostage there, and that he has threatened to take her daughter to Pakistan to give her to his second wife. She testified that he filed a fraudulent custody suit in New York claiming residency in New York. Jabeen also testified that Qurashi had failed to properly answer discovery, including failing to list his current employment, and that he had troubles with the IRS. Additionally, Jabeen testified that Qurashi had failed to follow the trial court's order to turn over her daughter's passport to her.

During Jabeen's direct testimony, Qurashi entered the courtroom. The trial judge informed Qurashi that he had been ordered to be in the courtroom at 9:00 that day, and she had already allowed his counsel to withdraw. Jabeen's counsel

---

[1] Although the motion to withdraw does not indicate when it was set to be heard, it does reflect the trial date of June 4. Qurashi does not contend he had no notice of the hearing; he complains only that he thought the trial date was two days later. The trial court's order granting the motion to withdraw reflects that both the hearing on the motion and the trial were scheduled for June 4, 2012, at 9:00 a.m. On appeal, Qurashi does not contend that the trial court abused its discretion in granting his attorney's motion to withdraw.

proceeded with her direct examination. After Jabeen's counsel passed the witness, the trial court asked Qurashi if he had any questions for Jabeen. Qurashi initially replied that he did, but he then changed his mind and declined to cross-examine Jabeen. Jabeen's lawyer then testified concerning her attorney's fees; Qurashi also declined to cross-examine this witness. No other witnesses testified in Jabeen's case.

At the start of his case, Qurashi stated that he was not prepared and it was his understanding that the hearing was set for June 6. He also stated that his counsel had charged him "a lot of money," but she did not represent him as he desired.[2] Qurashi then disputed Jabeen's testimony and provided contradictory testimony concerning his relationship with Jabeen and the child. Among other things, Qurashi accused Jabeen of having a long-time affair, and he also claimed that Jabeen had engaged in international abduction by taking their child from Pakistan to Houston. Nevertheless, Qurashi maintained that he wanted the parties to reach a mutually agreeable resolution of their dispute. Qurashi also testified concerning his employment and finances.

During his testimony, Qurashi commented that he could present witnesses and evidence to support his version of events, and he stated that he would hire an attorney. Qurashi also reiterated later in his testimony that he was not prepared and did not bring documents because he thought the hearing was set for another day. Qurashi then stated that he needed time to retain an attorney. The trial court responded, "And we're in trial today, so I'm not going to give you any additional time." The trial continued with additional testimony from both Jabeen and Qurashi.

_____

[2] Later in the trial, Qurashi stated, "I should not say I fired my attorney. My attorney was not attorney and then acted as my attorney and provided even my previous -- a lot of e-mails, you know, to her that she has no right to send any document" and "I believe my client privilege rights has been compromised."

At the conclusion of the trial, the trial court rendered a judgment for divorce and granted all relief requested by Jabeen.

On July 3, 2012, Qurashi filed his motion for new trial complaining of the trial court's failure to "grant a continuance so that he could hire another attorney." Qurashi supported his motion for new trial with his affidavit stating *inter alia* that he asked his former lawyer to request a continuance; that his former lawyer told him that the trial setting was June 6, 2012; and that he had not been able to obtain a new lawyer in such a short time.

## II

On appeal, Qurashi contends that the trial court abused its discretion in denying his motion for continuance when his lawyer had been allowed to withdraw a few minutes before the trial began. For the same reason, Qurashi also argues that the trial court should have granted his motion for new trial. Because Qurashi briefs these issues together, we will likewise analyze them together.

## A

We apply an abuse-of-discretion standard to the trial court's rulings on Qurashi's motion for continuance and motion for new trial. *See In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam); *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Aduli v. Aduli*, 368 S.W.3d 805, 818 (Tex. App.—Houston [14th Dist.] 2012, no pet.). The test for determining whether a trial court abuses its discretion is whether it acts unreasonably or in an arbitrary manner without reference to any guiding rules or principles. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). Unless the record shows a clear abuse of discretion, we will not reverse a trial court's decision. *Villegas*, 711 S.W.2d at 626.

When the ground for continuance is the withdrawal of counsel, the movant

must show that the failure to be represented at trial was not due to his own fault or negligence. *Id.*; *see also* Tex. R. Civ. P. 253 ("[A]bsence of counsel will not be good cause for a continuance . . . when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record."). Because the right to counsel is a valuable right, its unwarranted denial is reversible. *Villegas*, 711 S.W.2d at 626; *Crank*, 666 S.W.2d at 94. When considering a motion for continuance, the trial court may take into account the entire procedural history of the case. *See Aduli*, 368 S.W.3d at 818 (citing *Waste Water, Inc. v. Alpha Finishing & Developing Corp.*, 874 S.W.2d 940, 942 (Tex. App.—Houston [14th Dist.] 1994, no pet.)).

B

Qurashi primarily relies on *Villegas v. Carter* to support his contention that the trial court abused its discretion in failing to grant his oral request for continuance.[3] In that case, Villegas appeared at trial without an attorney and requested time to obtain an attorney after the trial court allowed his attorney to withdraw two days before trial. *Villegas*, 711 S.W.2d at 625. The *Villegas* court held that the trial court abused its discretion in denying Villegas's request for a continuance, because the evidence showed that (1) Villegas was not negligent or at fault for causing his attorney's withdrawal, (2) two days was too short a time to

---

[3] Rule 251 provides that a motion for continuance shall not be granted except for "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. Generally, when a movant fails to comply with Rule 251's requirement that a motion for continuance be "supported by affidavit," a reviewing court presumes the trial court did not abuse its discretion in denying the motion. *Villegas*, 711 S.W.2d at 626. In *Villegas*, the supreme court reasoned, "It would be unrealistic, however, to apply this presumption to lay movants who without fault have their attorney withdrawn." *Id.* On appeal, Jabeen does not dispute Qurashi's contention that this exception to Rule 251's requirement of a motion supported by affidavit applies in this case.

find a new attorney and for the new attorney to investigate the case, and (3) Villegas was prevented from obtaining a new attorney because his former attorney refused to turn over Villegas's file. *Id*. at 626–27. Accordingly, the court held that the trial court "should either have denied the attorney's motion to withdraw or granted the party's motion for continuance; it did neither." *Id.* at 627.

Qurashi contends that his counsel sought to withdraw based only on the "vague statements" that Qurashi was "insisting on a course of action that requires counsel to withdraw" and the assertion that Qurashi had failed to pay his legal fees, even though counsel failed to mention how much Qurashi had already paid. Qurashi also points out that the withdrawal motion was presented on the same day the case was set for trial, and his counsel did not request a continuance or take steps to protect Qurashi's interests consistent with the rules of professional conduct. Further, Qurashi argues that his motion for new trial shows that he would have obtained relevant evidence that would have been probative of the issues before the trial court if he had been given more time. Consequently, he maintains, the trial court's failure to give him more time to secure new counsel and to inquire into the withdrawing counsel's compliance with her duties to her client conflicts with *Villegas. See id.* at 626 ("[W]hen a trial court allows an attorney to voluntarily withdraw, it must give the party time to secure new counsel and time for the new counsel to investigate the case and prepare for trial.").

The case law instructs that when the ground for the continuance is the withdrawal of counsel, the controlling issue is whether the movant was left without counsel through no fault of his own. *See id.*; *Crank*, 666 S.W.2d at 94. Thus, in *Villegas*, the court concluded that it was error to deny the request for a continuance when the evidence showed that Villegas: (1) did not learn of his lawyer's withdrawal until six days before the trial; (2) his former lawyer refused to turn over

7

his file and important evidence even though the lawyer had not presented Villegas with a bill; and (3) the attorney Villegas wanted to hire refused to take the case until he could see the file, look over the facts, and determine his fee. *See Villegas*, 711 S.W.2d at 625–26.

In contrast, in *State v. Crank*, Dr. Crank had previously received two continuances when, on the morning of his administrative hearing before the board of dental examiners, he announced that he and his counsel had reached "philosophical differences" in their approach to his case, and he requested a continuance to substitute other attorneys. *See Crank*, 666 S.W.2d at 93. Despite having notice of the scheduled hearing for over a month, it was not until the morning of the hearing that Dr. Crank informed the board that he would no longer be represented by his attorney of record and wanted more time to find other attorneys. *Id.* at 93–94. Based on those facts, the supreme court found no abuse of discretion in denying Dr. Crank's motion for continuance. *Id.* at 94.

We conclude that the facts of this case are more akin to *Crank* than *Villegas*. Here, Qurashi's attorney filed her motion to withdraw on May 18 and notified Qurashi of the motion by regular and certified mail. Qurashi's attorney stated that Qurashi was aware of the hearing date, and also pointed out that her motion to withdraw informed him of the June 4 trial date. We also note that Qurashi's motion for new trial and accompanying affidavit are conspicuously silent concerning Qurashi's receipt of his attorney's motion to withdraw—though the motion states that a copy had been delivered to Qurashi and recites that the "final trial on the merits is scheduled for June 4, 2012, at 9:00 a.m." According to Qurashi's attorney, Qurashi informed her by email on May 22 that he no longer considered them to have an attorney-client relationship and he instructed her to take no additional action on his behalf. Thus, assuming the trial court credited the

8

attorney's representations, Qurashi had at least two weeks to obtain other counsel and to file a motion for continuance before the start of trial. Moreover, the trial court could have concluded that Qurashi's instructions to his counsel precluded her from filing a motion for continuance on his behalf.

On the trial date, Qurashi arrived late. He explained that he thought the trial date was June 6, even though the motion to withdraw informed him of the correct date. When considering the credibility of Qurashi's representations, the trial court could have taken into account Qurashi's previous attempt to obtain an advantage in the New York custody proceedings by misrepresenting the child's residency. The trial court also could have considered Jabeen's testimony that the child was at risk of international abduction by Qurashi, as well as Jabeen's trial testimony that Qurashi provided false information in discovery and failed to comply with the trial court's temporary orders. *See Aduli*, 368 S.W.3d at 818 (trial court did not abuse its discretion in denying husband's request for continuance when movant's attorney was permitted to withdraw on day of trial given movant's nonspecific representations and history of proceedings).

At trial, Qurashi did not maintain an opposition to his attorney's withdrawal; instead, Qurashi's comments indicated that he considered his former attorney's representation to have been unsatisfactory. And although Qurashi stated that he wanted time to get another attorney, he did not indicate how much time he would need or what steps, if any, he had taken to obtain new representation. Nor did Qurashi complain that his attorney's actions somehow impeded his ability to obtain other counsel. Qurashi simply appeared at trial late and informed the court that he disapproved of his attorney and wanted time to find another. Based on this evidence, the trial court was entitled to believe that Qurashi was aware that the motion and the trial would occur on June 4, 2012, at 9:00 a.m., that Quarshi had

9

directed his lawyer to take no further steps on his behalf, and that Qurashi himself had taken no steps to protect himself.

Qurashi cites as support this court's recent opinion in *Harrison v. Harrison*, 367 S.W.3d 822 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). In *Harrison*, the court held that the trial court abused its discretion in failing to grant a continuance when the wife's counsel withdrew forty days before the trial date due to the wife's failure to pay an unspecified amount of attorney's fees. *Id.* at 835. In that case, however, the wife had strenuously objected to her counsel's motion to withdraw, she requested that the trial court award interim fees to pay her attorney so that he could remain her counsel and the trial could go forward on the scheduled date, and she detailed her unsuccessful efforts to find a new attorney. *See id.* at 831–32. Here, Qurashi did not object to his former counsel's withdrawal and he offered no explanation for his failure to obtain representation by the trial date. Instead, Qurashi merely asserted that would retain an attorney if given more time. *Harrison* does not support Qurashi's appellate argument.[4]

Based on this record, we conclude that Qurashi has failed to show that his lack of representation was not due to his own fault or negligence. *See Crank*, 666 S.W.2d at 94; *Aduli*, 368 S.W.3d at 818. We therefore hold that the trial court did not abuse its discretion in denying Qurashi's request for a continuance. We further hold that the trial court did not abuse its discretion by refusing to grant Qurashi's motion for new trial, which was based on the trial court's denial of his motion for continuance.

---

[4] Qurashi cites other authorities as well, but they are all factually or procedurally distinguishable. *Harrison* and *Villegas* are his strongest cases, and as set forth above, they are inapposite.

\* \* \*

We overrule Qurashi's issues and affirm the trial court's final decree of divorce.

/s/ Jeffrey V. Brown
Justice

Panel consists of Justices Brown, Christopher, and McCally.