**Affirmed in Part; Reversed and Remanded in Part; and Majority and Concurring and Dissenting Opinions filed January 31, 2019.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00691-CV
_____

## IN THE INTEREST OF L.N.C & K.N.M., CHILDREN

_____

**On Appeal from the 314th District Court
Harris County, Texas
Trial Court Cause No. 2017-03776J**

_____

# CONCURRING AND DISSENTING OPINION

Although I agree with the majority's conclusion that the evidence is legally sufficient to support the trial court's finding that termination is in L.N.C.'s best interest, I respectfully dissent from the majority's analysis and conclusions regarding the denial of Father's motion for continuance. The motion did not comply with Texas Rule of Civil Procedure 251, and he did not preserve a due-process complaint in the trial court. I would hold that these circumstances require this court to overrule Father's first issue.

This court and the Supreme Court of Texas have held almost without exception that the courts will not reverse a trial court's denial of a motion for continuance unless the motion is supported by an affidavit showing sufficient cause for the continuance. *See, e.g.*, *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 647 (Tex. 1996); *In re S.M.H.*, 523 S.W.3d 783, 797 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *In re E.L.T.*, 93 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2002, no pet.). Father's motion for continuance did not meet those requirements.

Father's trial counsel's oral motion for continuance was, in its entirety, as follows: "Judge, before we begin, I'd like to move for a continuance so my client has an opportunity to be here. I properly bench warrant[ed] him but for some reason, he wasn't able to appear today. I would like to give him the opportunity to be present at trial." When faced with facts nearly identical to these, this court has declined to craft a new exception to Rule 251's requirements. *See In re T.D.N.*, No. 14-07-00387-CV, 2008 WL 2574055 (Tex. App.—Houston [14th Dist.] June 26, 2008, no pet.) (mem. op.). In *T.D.N.*, a father appealed the termination of his parental rights. Just as in the present case, the trial court signed a bench warrant for the father to appear in court, but he was not brought to court.[1] His counsel twice orally moved for a continuance. Our court held, "Because [the father] did not comply with Rule 251, the trial court did not abuse its discretion in failing to grant a continuance." *Id*. at *1. In an alternative holding, we stated that the father additionally "failed to preserve error under Texas Rule of Appellate Procedure 33.1" because there was no express ruling on his motions.[2]

---

[1] The opinion stated that the father had changed location from Harris County to the Texas Department of Justice shortly before trial.

[2] Regarding *T.D.N.*, the majority states, "Because we found the error was not preserved in accordance with Rule 33.1(a), it was not reversible regardless of whether the movant complied

2

In holding that a trial court does not abuse its discretion in denying a motion for continuance that fails to comply with Rule 251, *T.D.N.* merely repeated longstanding precedent in this court.[3] But *T.D.N.* also stands for the proposition that an inmate represented by an attorney must properly preserve error.[4] This court has held that "[o]ral requests for a continuance do not preserve error." *See, e.g.*, *In re C.F.*, No. 14-18-00509-CV, 2018 WL 6318514, at *9 (Tex. App.—Houston [14th Dist.] Dec. 4, 2018, pet. filed); *In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.). And the Supreme Court of

---

with Rule 251." *Ante* at __ n.5. It is equally true that because we found the movant in *T.D.N.* failed to comply with Rule 251, we could not reverse even if the error had been preserved. That is the nature of alternative holdings: each independently supports the court's conclusion as though the other holding did not exist. *See Tex. Nat. Res. Conservation Comm'n v. White*, 46 S.W.3d 864, 868 (Tex. 2001).

[3] *See, e.g.*, *In re C.F.*, No. 14-18-00509-CV, __S.W.3d__, 2018 WL 6318514, at *9 (Tex. App.—Houston [14th Dist.] Dec. 4, 2018, pet. filed); *In re Marriage of Harrison*, 557 S.W.3d 99, 117 (Tex. App.—Houston [14th Dist.] 2018, no pet. h.); *In re S.M.H.*, 523 S.W.3d at 797; *Qurashi v. Jabeen*, No. 14-12-00858-CV, 2013 WL 2644182, at *3 n.3 (Tex. App.—Houston [14th Dist.] June 11, 2013, pet. denied) (mem. op.); *Betts v. Betts*, No. 14-11-00267-CV, 2012 WL 2803750, at *3 (Tex. App.—Houston [14th Dist.] July 10, 2012, pet. denied) (mem. op.); *W.W. Webber, L.L.C. v. Harris Cty. Toll Rd. Auth.*, 324 S.W.3d 877, 880 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Barnett v. Veritas DGC Land Inc.*, No. 14-05-01074-CV, 2006 WL 2827379, at *4 (Tex. App.—Houston [14th Dist.] Oct. 5, 2006, pet. denied) (mem. op.); *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Njeako v. Njeako*, No. 14-04-00991-CV, 2005 WL 3072025, at *3 (Tex. App.—Houston [14th Dist.] Nov. 17, 2005, no pet.) (mem. op.); *In re N.S.H.*, No. 14-05-00025-CV, 2005 WL 2978949, at *11 (Tex. App.—Houston [14th Dist.] Nov. 8, 2005, pet. denied) (mem. op.); *Waller v. R. S. Concrete, Inc.*, No. 14-04-00553-CV, 2005 WL 1150204, at *3 (Tex. App.—Houston [14th Dist.] May 17, 2005, no pet.) (mem. op.); *In re B.S.W.*, No. 14-04-00496-CV, 2004 WL 2964015, at *4 (Tex. App.—Houston [14th Dist.] Dec. 23, 2004, no pet.) (mem. op.); *In re E.L.T.*, 93 S.W.3d at 375; *Waste Water, Inc. v. Alpha Finishing & Developing Corp.*, 874 S.W.2d 940, 942 (Tex. App.—Houston [14th Dist.] 1994, no writ).

[4] Although I agree with that proposition, an argument can be made that the *T.D.N.* court erred in applying it by holding that the trial court failed to rule on the motions, because the trial court in that case impliedly denied the motions for continuance by proceeding to trial. *See Carter v MacFadyen*, 93 S.W.3d 307, 310 n.2 (Tex. App.—Houston [14th Dist.] 2002, pet. denied.) (citing Tex. R. App. P. 33.1(a)(2)(A)). In any event, the trial court in the case before us expressly denied the motion for continuance, so it is unnecessary to consider whether *T.D.N.* erred in its alternative holding that the trial court did not rule on the motions.

Texas repeatedly has stated that, with the exception of those errors characterized as "fundamental," appellate courts are not permitted to review alleged errors that were not preserved in the trial court. *See, e.g.*, *Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (per curiam) (op. on reh'g); *Allright, Inc. v. Pearson*, 735 S.W.2d 240 (Tex. 1987). Failure to preserve error forecloses an appellate complaint regardless of whether the omission lay in failing to comply with the governing rules (as here), failing to raise the issue in the trial court (again, as here), or in failing to obtain a ruling (as stated in an alternative holding in *T.D.N.*); thus, the basis on which the majority distinguishes *T.D.N.* is a distinction without a difference.

The Supreme Court of Texas additionally has held that a parent inmate does not have the absolute right to be present at a trial in which the termination of parental rights is at stake. *See In re Z.L.T.*, 124 S.W.3d 163, 166 (Tex. 2003). It is the inmate's burden to establish his right to be present at trial. *Id.* at 166. Here, although the trial court signed a bench warrant for Father's presence at trial, he was not brought to the trial. It remained Father's burden—and his counsel's responsibility— to establish that Father had a right to be present; that he was absent through no fault of his own; and that he would be unfairly prejudiced by a trial in his absence. Meeting this burden required a proper motion for continuance, supported by an affidavit attesting to the facts necessitating a continuance. Because there was no sworn evidence or legal argument before the trial court at the time of its ruling, it did not abuse its discretion in denying the motion for continuance.

The majority concludes that the failure to file a written motion for continuance is not fatal to Father's appellate complaint because his non-appearance was not anticipated and his counsel had no personal knowledge of the reason for Father's absence. In support of this conclusion, the majority cites *In re A.A.*, No. 05-07-

01698, 2008 WL 2514346, at *3 (Tex. App.—Dallas June 25, 2008, no pet.) (mem.op.), but that case does not support the majority's conclusion. If anything, *A.A.* dictates the opposite result.

In *A.A.*, a mother's attorney made an oral motion for a continuance when the mother unexpectedly failed to appear at the termination hearing and could not be reached by telephone. *Id.* at *1. Through new counsel, the mother argued in a motion for new trial and on appeal that her former attorney's failure to file a written motion for continuance supported by an affidavit constituted ineffective assistance of counsel. The *A.A.* court stated, "The law is well settled that a motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by affidavit." *Id.* at *2. Far from holding that Rule 251's requirements do not apply when an attorney does not know the reason for a client's unforeseen absence, the *A.A.* court first "conclude[d] prior trial counsel did not comply with the rules for filing a written motion for continuance" and then assumed that the attorney's "failure to file a sworn written motion for continuance meets the first prong of the *Strickland* test for ineffective assistance of counsel," that is, "trial counsel's performance was deficient in that it fell below an objective standard of reasonableness." *Id.* at *2, *3. Thus, in circumstances nearly identical to those presented here and in which the same fundamental constitutional rights were at issue, our sister court refused to dispense with Rule 251's requirements. I too would continue to hold that a trial court does not abuse its discretion in denying an attorney's motion for continuance that fails to comply with Rule 251.

Finally, Father argues for the first time on appeal that the denial of his motion for continuance violated his constitutional right to due process. Here, too, Father's complaint was not preserved in the trial court. In his oral motion for continuance, Father's trial counsel neither mentioned due process nor cited the state or federal

5

constitutions. No motion for new trial was filed claiming a violation of due process, although Father's appellate counsel was appointed in time to file such a motion.

Even constitutional complaints must be preserved in the trial court. This is true even of cases concerning termination of parental rights. And this error-preservation rule applies even if it is dispositive of a parent's appeal in such cases. For example, in *In re L.M.I.*, 119 S.W.3d 707 (Tex. 2003), a father seeking the reversal of the termination of his parental rights attempted to raise a due-process argument for the first time on appeal—just as Father does in the case before us. The Supreme Court of Texas explained that even in parental-termination cases, the same error-preservation rule applies, because

> allowing appellate review of unpreserved error would undermine the Legislature's intent that cases terminating parental rights be expeditiously resolved, thus "'[p]romot[ing] the child's interest in a final decision and thus placement in a safe and stable home.'" *In re B.L.D. and B.R.D.*, 113 S.W.3d [340] at 353 [(Tex. 2003)](quoting *In re J.F.C.*, 96 S.W.3d 256, 304 (Tex. 2002)). Both we and the United States Supreme Court have held that constitutional error was waived in comparable circumstances. *See Webb v. Webb*, 451 U.S. 493, 496–97, 101 S. Ct. 1889, 68 L. Ed. 2d 392 (1981) (holding that constitutional error was waived, even though petitioner repeatedly used the phrase "full faith and credit," because petitioner did not cite to the federal Constitution or to any cases relying on the Full Faith and Credit Clause of the federal Constitution); *Tex. Dep't of Protective and Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 860–61 (Tex. 2001) (holding that alleged biological father who sought to establish paternity waived constitutional error, though it was undisputed that father had received no notice or hearing on prior paternity adjudication that created bar). Accordingly, we hold that the due process argument Duenas raises here was not preserved below.

*Id.* at 711. Bound by such precedent, this court has applied the same rule in other cases concerning the termination of parental rights. *See In re J.J.A.*, No. 14-18-00530-CV, 2018 WL 6614236, at *5 (Tex. App.—Houston [14th Dist.] Dec. 18,

2018, no pet. h.) ("Father waived his due process complaint by failing to raise it before the trial court. Due process violations must be raised in the trial court for them to be preserved on appeal." (citing *In re F.E.N.*, 542 S.W.3d 752, 768 (Tex. App.—Houston [14th Dist.] 2018, no pet.)). The majority does not explain why L.M.I.'s and J.J.A.'s respective fathers were required to raise their due-process complaints in the trial court but L.N.C.'s father was not.

In sum, I would hold that a trial court does not abuse its discretion in overruling an attorney's motion for continuance that fails to comply with Texas Rule of Civil Procedure 251 nor asserts any legal ground for a continuance. Father failed to preserve his due-process complaint in the trial court, and error-preservation rules must be applied to all parties equally. It might appear to be a harsh result in this case—just as it was in *L.M.I.*—but it is the result dictated by binding precedent.

While I concur with the majority's conclusion regarding the legal sufficiency of the trial court's best-interest finding, I would overrule Father's complaint that the trial court abused its discretion in denying his motion for continuance, and I would address his remaining factual-sufficiency issues on the merits. Because the majority instead reverses the judgment and remands the case, I respectfully dissent.


/s/     Tracy Christopher
        Justice

Panel consists of Justices Christopher, Hassan, and Poissant (Poissant, J., majority).